H. H. HOGAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed May 15, 1925.

1. A regular complaint against an attorney ought not to be received and acted on unless made on oath, and the charge made should be specific and particular, so that the officer may be aware of the precise nature of the accusation he is to meet. State v. Kirke, 12 Fla. 278.

2. While under the statute (Sec. 2554, Rev. Gen. Stat.) prescribing the procedure for disbarment of an attorney at law consideration of the complaint and supporting evidence, lodged with the circuit judge against such attorney, which is the basis of the court's action directing the State Attorney to file a motion in the name of the State in such court to disbar the attorney, does not *ipso facto* disqualify the judge to proceed further in the case, yet, where the judge, after directing the motion to be filed, finds and enters an order disqualifying himself to sit and try the cause by reason of having formed an opinoin upon the facts from the preliminary examination made by him, such order will not be held to be error.

3. Where, in disbarment proceedings against an attorney at law, the circuit judge enters an order reciting his disqualification in the cause upon the ground that he formed an opinion as to the facts on the preliminary examination made by him and upon which he acted in directing the State Attorney to file a motion for disbarment, subsequent orders entered in the case by such judge anterior to his recusation are void.

A Writ of Error to the Circuit Court for Orange County; J. C. B. Koonce, Judge.

Reversed.

*Landis, Fish & Hull,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, C. J.—This writ of error brings to this court for review a judgment disbarring plaintiff in error from the practice of law in the State of Florida. The motion to disbar was filed by the State Attorney on September 20, 1923, in the Circuit Court of the Seventeenth Judicial Circuit in and for Orange County, pursuant to an order of Honorable C. O. Andrews, Judge of said court, directing the motion to be made. From time to time thereafter upon application orders were made by said judge enlarging the time for pleading by defendant to said motion, sustaining a demurrer to the motion, allowing the filing of an amended motion, and overruling a demurrer thereto. After which, on March 3, 1924, the following order was entered by said judge:

"This cause coming on to be heard and set for trial and the undersigned Circuit Judge of said Circuit feeling that he is disqualified to act as trial Court upon the ground that the charges in the several counts of the motion to disbar are based upon alleged facts which this Court under

the Statute had to investigate before requesting the State Attorney to file motion to disbar, and therefore had to form an opinion as to those facts:

"Therefore, acting upon the Statutes of this State, it is considered by this Court that he is disqualified to sit and try said cause by reason of having previously formed an opinion."

The judge having entered this order disqualifying himself, by order of the Governor, Honorable J. C. B. Koonce, Judge of the Sixteenth Judicial Circuit of Florida, was designated and assigned to exercise all the functions of a circuit judge in and for said Seventeenth Judicial Circuit in so far as the disposition of the said disbarment proceedings against said defendant were concerned. Thereafter the Judge of the said Sixteenth Judicial Circuit did proceed in said Seventeenth Judicial Circuit to hear and determine said cause and enter judgment therein disbarring the defendant from the practice of law.

The conclusion which we have reached renders it unnecessary to refer to the grounds of the motion for disbarment or to the evidence offered. The order of disqualification is assigned and urged as error requiring a reversal of the judgment.

Proceedings for disbarment of an attorney at law in this State are statutory. Such proceedings are initiated by making known to the judge of the circuit that an attorney has been guilty of such acts or conduct as to unfit him for the profession. Whereupon the judge directs the State Attorney to institute formal proceedings by motion to disbar the attorney against whom the charges have been made. The statute provides: "Whenever it shall be *made known* to any judge of the circuit that any attorney-at-law, practicing in any of the courts in his judicial circuit, has been guilty of dishonest conduct, or habits of general immor-

ality (or other acts, enumerating them) which unfit him for association with the fair and honorable members of the profession, it shall be the duty of such judge to direct the State's Attorney of the circuit to make in writing a motion, in the name of the State, to disbar such attorney, setting forth in the motion the particular acts or conduct for which the attorney is sought to be disbarred." Sec. 2554, Rev. Gen. Stats.

The attorney against whom the motion to disbar is filed is required, within three days after service thereof, to file his answer thereto under oath. And upon the filing of an answer denying the acts or conduct alleged in the motion as grounds for disbarment, the court hears the evidence and if, in the judgment of the court, the allegations of the motion are sustained by the preponderance of the evidence, the motion is granted and judgment entered accordingly. Secs. 2555, 2556, Rev. Gen. Stats.

The inquiry required of the judge to be made preliminarily before it can be said that it has been "made known" to him *prima facie* that grounds for disbarment exist, together with the conclusion reached upon which he directs the motion to be filed, is not a legal disqualification of the judge to proceed further in the cause. The statute is susceptible of no other meaning than that the judge directing the motion to be filed, if not otherwise disqualified, shall proceed to hear and determine the issues made. But this court has said that a "complaint against an attorney * * ought not to be received and acted on unless made on oath. * * It has been held by some of the courts that the charge made must be specific and particular, so that the officer may be aware of the precise nature of the charge he is to meet; and we think that is the correct rule." State v. Kirke, 12 Fla. 278. Until this is done it has not been "made known" to the judge that the alleged misconduct

of the attorney is of so grave a character as to warrant the filing of a motion to disbar. And if, as in this case, the judge, after considering the complaint filed with him and directing the proceedings to be instituted, reaches the conclusion and so adjudges that the ''opinion'' formed disqualifies him to proceed further in the cause, this adjudication should not be set aside unless it clearly appears to be erroneous.

In this case the record does not disclose the charge made or the evidence in support of it submitted against the attorney on which the judge based his direction to file the motion to disbar. His order of recusation may be construed to mean that he considered himself incompetent to proceed further as judge in the cause because of ''having previously formed an opinion'' upon the questions involved and necessary to be determined. And while a court should not hesitate to exercise jurisdiction which it clearly possesses, and a judge's refusal to act on account of some disqualification existing in his own mind is not conclusive (33 Cyc. 1012; State *ex rel.* v. Young, 31 Fla. 594, 12 South. Rep. 673), yet, because of the right of every litigant to a trial by a tribunal uninfluenced by a taint of interest or partiality, we regard the language of the order as expressing a state of mind justifying the judge in declining to further proceed in the cause.

This conclusion results in a reversal of the judgment for the reason that if the disqualifying opinion reached by the judge, as recited in his order, resulted from the preliminary investigation made by him, the orders subsequently entered in the cause anterior to his recusation are void. Sec. 2528, Rev. Gen. Stats.; Sewell v. Huffstetler, 83 Fla. 629, 93 South. Rep. 162.

Under the liberal system of amendments to pleadings or proceedings obtaining in this State (Sec. 2629, Rev. Gen.

Stats.) it was not error, after sustaining the demurrer of defendant to the motion to disbar, to allow, upon application, an amended motion to be filed by the State Attorney.

The judgment is reversed.

WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.

BROWNE, J., specially concurs in conclusion.

BROWNE, J., concurring in conclusion.

The decision in this case rests upon the statement by the Judge that he was "disqualified to sit and try said cause by reason of having previously formed an opinion." In this, Judge Andrews evinced a spirit of the utmost fairness and scrupulous impartiality.

Had the opinion been limited to that conclusion, I would have concurred in it. I concur in the conclusion.

In the language of one of my distinguished predecessors on the Bench, "where we part company," is on the meaning and effect of the words "made known" as used in the statute, which determine when a Circuit Judge shall direct the State's Attorney to make a motion to disbar an attorney.

These words describe a state of mind much stronger and more fixed than that where only an *opinion* is formed.

It is repugnant to the Anglo-Saxon idea of fair and impartial trials to require or permit a judge to sit and determine the guilt or innocence of an attorney on a charge of dishonesty or other practices condemned by the statute, when such misconduct has been "made known" to him.

The term "made known," is stronger than "made to appear," yet it has been held that the latter imports a duty on the part of a judge to examine into the truth of the facts alleged, to ascertain their existence, and "to receive evidence upon the point by affidavits, or by depositions, or by means of an oral examination of witnesses in

the presence of the court." Malone v. Richmond & D. R. Co., 35 Fed. Rep. 625.

Since such a thorough examination and investigation is required by the words "made to appear," I cannot escape the conclusion that when a statute requires a matter to be *"made known"* to a judge before he acts, a like, if not a more thorough, investigation must be made by him, and when he does so, he is to a degree convinced of the guilt of the attorney and incompetent to try him, where he has to pass upon the fact of his guilt or innocence.

It can hardly be contended, yet that seems to be the effect of the decision of the court, that the term "made known" as used in the disbarment statute, means something less than "made to appear," and something less than "a full assurance and belief, to the exclusion of doubt and uncertainty."

In the case of Bowers v. Atchison, T. & S. F. R. Co., 82 Kan. 95, 107 Pac. Rep. 777, the court held that the word "know," used in a rule requiring a brakeman who had given a signal to the engineer, to "know" that it had been seen, understood and obeyed, does not necessarily import absolute knowledge of a fact, which actually exists, but it means the full assurance and belief to the exclusion of doubt or uncertainty of a reasonable and prudent man based upon convincing evidence addressed to his intelligence or senses. See also Southern Ry. Co. v. Bryan, 125 Ala. 297, 28 South. Rep. 445; DeVaughn v. Harris, 103 Ga. 102, 29 S. E. Rep. 613.

It is not clear from the opinion, what degree of knowledge of the guilt of the attorney, the Circuit Judge must have before he directs the State Attorney to make a motion for disbarment.

He must act before disbarment proceedings can be instituted.

The question presented, but which seems undecided by the opinion, is, shall a Circuit Judge pursue his investigation far enough to convince himself with reasonable certainty of the guilt of the offending attorney—in which event he would be clearly disqualified;—or should he direct proceedings to be instituted upon a light and cursory examination, or upon the affidavit of a person in whose integrity he did not have confidence?

The contention that if the Circuit Judge pursues his investigation to the point of convincing himself of the guilt of the accused so as to disqualify himself, he could not then order the State Attorney to institute proceedings, is not tenable, because, until he instructs the State Attorney to act, there is no cause pending in which he is disqualified. The Judge institutes the proceedings.

When it has been ''made known'' to the Circuit Judge as a result of his investigation, that the attorney is guilty of any of the practices condemned by the statute, he records and gives expression to that opinion by directing the State Attorney to institute proceedings, and from that instant his disqualification begins.

The discussion of this question, however, may be purely academic, as each Circuit Judge will have to decide for himself whether he will subject attorneys to the humiliation and stigma of answering in disbarment proceedings upon a cursory examination that does not satisfy him of the attorney's guilt—which seems unthinkable; or whether he will investigate sufficiently to become convinced of his guilt, and in that event, no doubt, the Circuit Judge would, in a spirit of fairness, disqualify himself.