TOM WAITMAN, *Appellant,* v. JASPER WAITMAN, *Appellee.*

En Banc.

Opinion Filed November 30, 1926.

1. Under the provision of Section 2528, Revised General Statutes of Florida, 1920, a decree *pro confesso* entered by a Judge, who thereafter disqualified himself by reason of having acted as counsel for complainant before becoming Circuit Judge, is void.

2. A final decree based upon a void decree *pro confesso* is likewise void.

An Appeal from the Circuit Court for Lake County; John S. Edwards, Judge.

Decree reversed.

*Will O. Murrell,* for Appellant;

*Hall & Austin,* for Appellee.

CHILLINGWORTH, Circuit Judge.—Under date of March 14, 1924, the judge of the circuit court entered a decree *pro confesso* against the defendant for want of a plea, answer or demurrer. On the same day the judge also entered an order appointing a Special Master to take the proof and report the same to the court with his findings as to the law and the facts. The cause was presented to the Court July 17, 1924, upon the report of the Special Master, and the court then entered an order of disqualification, finding that the matters in dispute had been considered by the court as an attorney representing the complainant previously to his appointment as judge of the court, and that also before his appointment, and while practicing law, he had acted as attorney for the complainant in advising the complainant with reference to the matters involved in the suit.

On October 3, 1924, a final decree was entered by the Circuit Judge of another Circuit upon the bill, decree pro confesso, order appointing the master, and the report of the special master.

The question presented is whether, under the provisions of Section 2528 Revised General Statutes of Florida, 1920, the final decree is void by reason of the fact that it was based upon two previous interlocutory decrees entered by a judge who thereafter disqualified himself.

The quoted section of the statutes reads as follows:

"Any and all judgments, decrees and orders heretofore or hereafter rendered in causes where the disqualifications appear of record in the cause, shall be void, but where the disqualification does not so appear, they shall not be subject to collateral attack."

Under the provision of this statute we are of the opinion that the decree *pro confesso* and order appointing master

are void. Hogan v. State, 89 Fla. 388, 104 South. Rep. 598. Hence the final decree based thereon is void.

In view of the conclusion reached in this opinion, it is not necessary to pass upon the sufficiency of the bill or the other matters presented in the appeal.

Therefore, this cause will be reversed for proceedings not inconsistent with this opinion.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Court below should be, and the same is hereby, reversed for proceedings not inconsistent with this opinion.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.