ROGER B. LYLE, LEESBURG STATE BANK & TRUST COMPANY, (formerly known as Leesburg State Bank), a banking corporation, as Trustee for R. J. TULLER and CELIA E. TULLER, his wife; GUY B. SHEPARD, as Liquidator of the American Bank & Trust Company, a banking corporation, and J. D. CLARK, Appellants, vs. J. W. HUNTER, Appellee.

136 So. 633.

Division B.

Opinion filed September 19, 1931.
Petition for rehearing denied October 10, 1931.

974

*H. W. Holland*, of Tavares, for Appellants;

*C. Rogers Wells*, of Tavares, for Appellee.

PER CURIAM.—J. W. Hunter filed a bill of complaint in the Circuit Court of Lake County against the appellants to impress a lien for attorney's fees upon a judgment rendered by the Circuit Court, Sixteenth Judicial Circuit in and for Lake County, Florida, in the case of "Roger B. Lyle Versus Leesburg State Bank, now Leesburg State Bank & Trust Company, a banking corporation, as Trustee for R. J. Tuller and Celia E. Tuller, his wife, and Roy J. Tuller and Celia E. Tuller, his wife, dated November 10, 1928, and entered on November 13, 1928, in Chancery Order Book 17, at page 609 of the Public Records of Lake County, Florida, and against the fund recovered by the said Roger B. Lyle and evidenced by said judgment as aforesaid."

J. D. Clark was made party defendant after the filing of the original bill. He filed an answer admitting certain paragraphs of the bill of complaint and pleading no knowledge of others and demanding strict proof of the seventh paragraph of the bill.

Lyle answered, admitting each and every paragraph of the bill.

Leesburg State Bank & Trust Company, formerly known as Leesburg State Bank, answered the bill.

Guy B. Shepard, as Liquidator of the American Bank & Trust Company, answered the bill, in which answer was included the following:

"That it is admitted by this defendant that on February 24th, 1927, the said complainant as attorney for Roger B. Lyle did file a suit in the Circuit Court of Lake County, Florida, being known as Chancery case No. 3383, to which reference is hereby made, and further answering said bill of complaint, this defendant says that a demurrer was filed in said suit and Honorable J. C. B. Koonce entered his order overruling said de-

murrer on the 14th day of November, 1927, which was duly recorded in the Chancery Records of this Court, as will more fully appear by copy of same hereto attached marked "Exhibit A" and made a part of this answer; and thereafter in said cause the Honorable J. C. B. Koonce who entered the order overruling the aforesaid demurrer entered an order disqualifying himself in said cause on the 1st day of November, 1928, which was duly recorded in Chancery Order Book 17, page 579 of the records of this court, as will more fully appear by copy of same attached hereto marked "Exhibit B"; that thereafter the testimony taken before the Special Master appointed in said cause was presented to the Honorable W. S. Bullock, Circuit Judge of Marion County, Florida, and final decree was therein entered by the Honorable W. S. Bullock on the 10th day of November, 1928, which was duly recorded on the 13th day of November, 1928, and recorded in Chancery Order Book 17, page 609, of the records of this court, as will more fully appear by a copy of said final decree attached hereto marked "Exhibit C" and made a part of this answer, and that by reason of the disqualification of the said J. C. B. Koonce after the overruling of the demurrer heretofore referred to, and the entering of final decree by the Circuit Judge of Marion County, Florida, the said judgment upon which the said complainant alleges a lien for attorney's fees is void as provided under Section 4155 of the Compiled General Laws of Florida, to-wit:

'Any and all judgments, decrees and orders heretofore or hereafter rendered in causes where the disqualifications appear of record in the cause, shall be void, but where the disqualification does not so appear, they shall not be subject to collateral attack',

and this defendant claims the benefit of said Statute and by virtue of same said judgment is void as to this defendant."

The complainant moved to strike the above quoted part of the answer and the motion was granted.

This appeal is from the order striking the quoted part of the answer of the Liquidator.

Courts will take judicial cognizance of their own records.

The case in which Judge Koonce entered an order recusing himself and in which Judge Bullock, of the Fifth Circuit, entered the final decree was appealed to this Court and the final decree affirmed March 12, 1930. See Leesburg State Bank vs. Lyle, 99 Fla. 535, 126 So. 791.

Although that judgment and decree was affirmed by this Court, the contention of appellant is that it was void because Judge Koonce had entered two orders before discovering his disqualification and recusing himself. One of those orders was an order overruling a demurrer to the bill of complaint. The other was an order appointing a special master. The first of these orders was not essential to the validity of the final decree. Therefore the invalidity of that order does not affect the validity of the final decree. That order was not jurisdictional, and therefore, while the provisions of Section 2528 R. G. S., 4155 C. G. L., are effective and applicable, to make those two orders void the invalidity of the first will not be held to affect the final decree.

This court in reviewing that case held that the bill of complaint was good against the demurrer, and, therefore, although the order on demurrer was void, the defendant's case was not affected thereby. The order being void, the defendant will be assumed to have known that it was void and by filing his answer and proceeding to the taking of testimony will be presumed to have abandoned his demurrer.

The same rule cannot be applied to the order appointing a master. The appointment by the Court of a master is jurisdictional. Before a master in chancery is authorized to take testimony in a case, he must be either a general master in chancery appointed under the provisions of Section 3137 R. G. S., 4924 C. G. L., *et seq.*, or else he must be a special master in chancery appointed under the provisions of Section 3151 R. G. S., 4938 C. G. L.

Section 3135 R. G. S., 4922 C. G. L., provides how the testimony in a chancery case may be taken after issue.

Parties to the suit may waive all these provisions and present their case to the court on an agreed statement of facts, or upon evidence taken before some person agreed upon between the parties which, after all, would be no more than upon an agreed statement of facts, and in this case as between the parties it would be held that they had waived an order appointing a master to take the testimony and had submitted their cause upon the testimony taken by one not appointed a master and they are bound by the order of the court based upon the testimony so taken.

In this case Guy B. Shepard, as Liquidator of the American Bank & Trust Company, is not shown to have been a party to the original suit. Consequently, he urges that if his rights are affected by the final decree and judgment entered in that suit he may attack the validity of that decree which is void as to him and his rights at any tme. See Hogan vs. State, 89 Fla. 388, 104 So. 598; Waitman v. Waitman, 92 Fla. 1019, 111 So. 118.

The order which Judge Koonce made recusing himself was made after the entry of the attempted order appointing a special master to take the testimony in the case in which he certified his disqualification and the record shows that the facts constituting this ground of disqualification existed at the time at which Judge Koonce made that order.

It seems to be contended by the appellants that while all parties to that suit may be held to have waived the invalidity by submitting the case to another Circuit Judge for the determination upon the testimony which had actually been taken, and by later having submitted the case to the Supreme Court for review without questioning the validity of the appointment of a special master by the disqualified Judge, that a party at interest, such as

the appellant Liquidator of the American Bank & Trust Company, who was not a party to that suit, cannot be held to have joined in such waiver.

This contention overlooks the fact that if this was true, the appellant Guy B. Shepard, as Liquidator for the American Bank & Trust Company, would have no rights in the case if the decree rendered by Judge Bullock was invalid for the reasons urged by him. This follows because the rights of the appellant Guy B. Shepard, as Liquidator for the American Bank & Trust Company, depend upon the validity of the decree rendered in favor of Roger B. Lyle against the Leesburg State Bank & Trust Company, as trustee, inasmuch as the said Guy B. Shepard is a plaintiff in garnishment in a suit in which he is attempting to have the money decreed to be due to Roger B. Lyle paid over to him instead of to the judgment creditor.

The appellee, J. W. Hunter, was attorney for Lyle in procuring the decree against the Leesburg State Bank & Trust Company, as Trustee. Under this decree the said Roger B. Lyle was awarded the sum of $7,352.15 and a lien on the land involved. The record shows that this decree had not been paid and that the attorney's fees due the appellee, J. W. Hunter, for obtaining it had not been collected when the appellant Guy B. Shepard, as Liquidator, procured his writ of garnishment against the judgment debtor Leesburg State Bank & Trust Company, as Trustee, so as to have the amount of the judgment which had been rendered in favor of Roger B. Lyle applied on a claim for which the Liquidator had recovered judgment against the judgment creditor Lyle in the other suit.

If the decree obtained by Hunter on behalf of Lyle is sufficiently valid to be made the object of a writ of garnishment based upon the hypothesis that the decree was valid for the purposes of garnishment, the Liquidator

cannot be heard to say in this proceeding that it is invalid and void so as to defeat the right to attorney's fees of the attorney who procured it to be entered.

It must also be observed that this is a collateral attack upon the validity of the final decree above mentioned. While the appointment of a special master to take such testimony upon which such decree was rendered may have been void because the Judge who made the order later certified his disqualification, the fact that the case was presented by all the parties in interest to a duly qualified Judge for the rendition of a final decree on the testimony taken, and that the final decree itself was entered by a Judge who was not disqualified, amounts to an implied confirmation of the appointment of the master who took the testimony so as to preclude such decree so made by a qualified Judge from being collaterally attacked, even by a party who was not a party to such suit.

It is also obvious in this case that while the appellant Guy B. Shepard, as Liquidator of the plaintiff in garnishment, was not and could not reasonably have been made a party to the original suit between Roger B. Lyle and the Leesburg State Bank & Trust Company, as Trustee, that whatever rights he may have in this proceeding as a plaintiff in garnishment with regard to the amounts decreed in that suit must necessarily be claimed in the same right as the defendants therein, Leesburg State Bank & Trust Company and the Tullers.

In cases where a plaintiff sues out a writ of garnishment to reach the proceeds of a judgment or decree rendered in another suit in which his defendant was plaintiff against a third party and recovered judgment in such other suit, the plaintiff in garnishment will not be heard to assert the contention that the decree whose proceeds are sought to be garnisheed was void because based upon testimony taken before a master appointed by a disqualified Judge when it appears that the Judge who rendered

such decree was legally qualified to render it and no objection was made in the course of such other proceedings in reference to the consideration of the testimony taken by the master appointed by the Judge who was disqualified. A party cannot, either in the course of litigation or in dealings *in pais*, occupy inconsistent positions. Campbell v. Kaufman, 42 Fla. 328, 29 So. 435; Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189; Ann. Cas. 1914 B 1211n.

We hold, therefore, that the decree rendered in a cause of which the court had jurisdiction of the parties and the subject matter and entered by a Judge who was admittedly qualified, is not subject to a collateral attack by a third party on the ground that the Judge who appointed a special master to take the testimony upon which such decree was based later certified his disqualification in the cause, it affirmatively appearing that no objection to the manner in which the testimony was taken was offered before the qualified Judge who rendered the decree and that the decree itself was later affirmed on appeal to the Supreme Court without any such objection having been urged by any of the parties to the cause. We hold further that the assertion of rights by a plaintiff in garnishment predicated upon the assumed valid force and effect of a decree rendered against another in favor of his judgment creditor, the proceeds of which decree the plaintiff in garnishment is attempting to subject to his own claim, precludes such plaintiff in garnishment from setting up as a defense in an equity suit brought by an attorney to have a lien declared upon such decree for his attorney's fees for obtaining it, that the lien asserted by the attorney should not be enforced because the decree attempted to be subjected to it was void because based on testimony taken before a master who had been appointed for that purpose by a disqualified Judge.

For these reasons the order of the court appealed from should be affirmed, and it is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.