STATE *ex rel.* W. E. BRYAN v. PAUL C. ALBRITTON, Circuit Judge.

149 So. 60.
Division A.
Order Entered June 21, 1933.

Thomas W. Butler, for Relator;
D. R. Peacock, for Respondent.

DAVIS, C. J.—Upon the filing of a suggestion by one of the parties to a chancery case pending in the Circuit Court of Sarasota County, this Court issued a rule *nisi* in prohibition directed to the Hon. Paul C. Albritton, Circuit Judge, commanding him as said judge to show cause why a writ of prohibition should not issue prohibiting him, the said Paul C. Albritton, from further acting as Chancellor in said cause pending in the Circuit Court of Sarasota County.

Where a rule *nisi* in prohibition does not challenge the jurisdiction of the circuit court itself to continue to act as a judicial tribunal, but goes only to some alleged personal disqualification of the specified particular individual, respondent judge to act in a particular cause, the rule having been granted on a showing solely of an alleged personal disqualification on the judge's part with respect only to a particular suit, as is the case now before us,* the effect of the pendency of the prohibition proceeding undisposed of in this Court, is not to operate as a supersedeas in the circuit court, further than to suspend the power of the particularly named respondent judge to act in that suit so long as the prohibition proceeding remains undisposed of by this Court.

Section 4348 C. G. L., 2681 R. G. S., providing for substitute of circuit judges where any resident circuit judge is "unable" from any "cause" to discharge any duty pertaining to his office, applies to a circuit judge who, by reason of an undisposed of prohibition proceeding pending against him as respondent on the ground of his alleged personal

---

*In this cause the rule *nisi* in prohibition was awarded because of Judge Albritton's alleged disqualification on account of prejudice. The disqualification was invoked under Section 4341 C. G. L., 2674 R. G. S., by the procedure set forth therein.

disqualification to perform judicial duties in a particular cause pending in his court, is thereby rendered "unable" to discharge any judicial duties required to be performed by him in the pending cause, during the pendency against him of the proceeding in prohibition.

The petition of the Receiver of the Circuit Court for an order from this Court permitting him as Receiver to shear certain sheep in his charge is therefore denied, without prejudice to such Receiver's right to present his said petition to some duly qualified circuit judge as provided by Section 4348 C. G. L., 2681 R. G. S., it appearing that said Section of the statute is to be deemed applicable during any period of time the respondent Circuit Judge of Sarasota County shall be, by reason of the prohibition proceeding pending against him in this Court, "unable" to discharge his duty as a circuit judge with respect to the particular controversy pending before him, concerning which the rule *nisi* in prohibition was awarded in this proceeding.

Ordered accordingly.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.