STATE, *ex rel.* W. E. BRYAN v. HON. PAUL C. ALBRITTON, as Circuit Judge.

154 So. 830.
Division A.
Opinion Filed May 10, 1934.

*Thos. W. Butler* and *Wm. E. Sweat,* for Relator;

*D. R. Peacock,* for Respondent.

Per Curiam.—This is an original prohibition proceeding brought against the Honorable Paul C. Albritton, as Judge of the Twenty-seventh Judicial Circuit, to restrain judicial action by him in a certain chancery cause on the ground of bias and prejudice against petitioner. The basis for the writ of prohibition absolute sought in this case was heretofore set forth by this Court in its opinion in the case of State, *ex rel.* Bryan v. Albritton, 111 Fla. 142, 149 Sou. Rep. 60, this being the original proceeding referred to in that opinion. The present case is before us on the relator's suggestion for the writ of prohibition, the rule *nisi* issued by this Court thereon and the respondent judge's return which in effect controverts the alleged disqualification set up in relator's suggestion.

Where an application to disqualify a circuit judge on account of prejudice is filed under Section 4341, C. G. L., 2674, R. G. S., it is not only within the power of such circuit judge to determine its legal sufficiency to invoke the duty of recusation prescribed by statute, *but it is his duty to do so under the law.* And while no power is vested in such judge to hear and determine the truth of any of the alleged facts, nor to attempt to adjudicate anything more than the bare legal sufficiency of the application for disqualification as a matter of law, as was held by this Court in Dickenson v. Parks, 104 Fla. 577, 140 Sou. Rep. 459, yet where the challenged judge has made an order finding the application legally insufficient to require that he recuse himself, this Court will refuse the drastic remedy of a permanent writ of prohibition where, upon a fair consideration of the legal effect of the allegations set up to show the alleged disqualification of the judge on account of prejudice, it does not clearly appear that the alleged disqualifying causes contemplated by statute exist as a matter of law

considering the legal effect of the substantial allegations of the petition as a whole.

The law imposes on a circuit judge the duty to hear and determine all cases properly brought before him for his judicial consideration. This duty he must perform whether he wishes to do so or not, unless he be either disqualified as a matter of law, or be challenged and required to recuse himself under circumstances existing that require him as a matter of law to retire from the case, or he, himself, shall make it a matter of record and certify that he is personally conscious of and feels toward one of the parties such disqualifying bias or prejudice as will in good conscience preclude his impartial consideration of the controversy.

It does not appear in the present case that the judge's refusal to retire from consideration of the case to which this proceeding in prohibition relates was in clear violation of Section 4341, C. G. L., 2674, R. G. S.; therefore, the return of the respondent circuit judge must be sustained, the writ of prohibition absolute denied and this proceeding dismissed, and it is so ordered.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.