ROBERTS, Justice.
The point for determination here is whether plaintiff-appellant, a practicing physician and surgeon of Broward County, is estopped to question the validity of a bylaw adopted by the defendants-appellees, as members of the Board of Commissioners of the South Broward Hospital District, at their organizational meeting, prescribing the qualifications of members of the medical staff of the Broward County Memorial Hospital.
The question was raised in a suit filed by plaintiff to mandatorily enjoin the defendants to reinstate him as a .member of the hospital staff after defendants had refused .to reappoint him to,the staff because he had become disqualified under the bylaw in question. The plaintiff alleged, as a basis for his suit, that the by-law- was unreasonable, arbitrary and void, but the Chancellor did not ■ pass on this question. He sustained the defendants’ plea that plaintiff was estopped to question the valid-ity of the by-law and -entered summary' *140 judgment in their favor. Plaintiff has appealed.
We find no error here. As shown by the affidavits filed in support of the motion for summary judgment, the plaintiff actively supported and voted for thé adoption of the by-law in question, as did all the other physicians present at the meeting at which it was adopted by the defendants. The plaintiff’s counter affidavit stated that the by-law was unanimously approved by the physicians because of “the assertion repeatedly made by the defendants, individually and collectively, that any medical doctor then practicing and living in the South Broward Hospital District would automatically be a member of the hospital staff and have full privileges of the hospital.” The clear import of plaintiff’s affidavit is that he had no objection to the bj-law so long as it was to be used only against other doctors coming into the area to practice, and it was not until it was enforced against him that it became illegal. But we have the view that the plaintiff cannot now be heard to say that the by-law is invalid, merely because the “shoe is on the other foot,” since his present position is so inconsistent with that previously assumed by him as to work a quasi-estoppel against him under the rule of Campbell v. Kauffman Milling Co., 1900, 42 'Fla. 328, 29 So. 43S, that a party cannot, either in the course of litigation or in dealings in pais, occupy inconsistent positions. Accord: Capital City Bank v. Hilson, 1912, 64 Fla. -206, 60 So. 189; Lyle v. Hunter, 1931, 102 Fla. 972, 136 So. 633.
The Chancellor’s decision in this respect can also be sustained under the general principles' of equitable ‘estoppel, discussed at length in Trustees of Internal Improvement Fund v. Claughton, Fla.1956, 86 So.2d 775, 791, since the circumstances here were siich that it would be contrary to equity and good conscience to allow him to attack the by-law.
. The plaintiff presented a lengthy and forceful argument in support of his contention. that the by-law, which prescribed membership in a medical society ,as a. prerequisite for practice in a public hospital, is invalid. But we cannot pass on the merits of his contention since the question is not properly before us, and a decision of this question must be deferred until such time as it is presented in a proper case.
For the reasons stated, the decree appealed from should be and it is hereby
Affirmed.
DREW, C. J., and THOMAS and THORNAL, JJ., concur.