172 So.2d 899 (1965)
Shirley Ridel BUTLER, Appellant,
v.
Walter BUTLER, Appellee.
No. 64-1066.
District Court of Appeal of Florida. Third District.
March 16, 1965.
Rehearing Denied April 6, 1965.
*900 Milton M. Ferrell, Miami, for appellant.
Irving Cypen, Miami Beach, and Sam Daniels, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and CARROLL, JJ.
CARROLL, Judge.
By this interlocutory appeal Shirley Ridel Butler, the plaintiff below, seeks reversal of an order vacating a judgment for unpaid arrears of alimony and child support.
In this opinion the parties are referred to as the husband and the wife. Their marriage was ended by a divorce decree in Dade County on May 24, 1960. Four years later, on April 30, 1964, the wife filed a motion for judgment, for $22,619.09 alleged to be in arrears for alimony and for the care, maintenance, education and support of the children, as provided for in the *901 final decree. The record discloses notice of hearing (set for 1:30 P.M. on May 28, 1964) to the husband at his residence in Minnesota, and to his attorneys of record in Miami. Some weeks later, and 10 days before the scheduled hearing, the husband's attorneys filed a motion for leave to withdraw, and noticed it to be heard at the same time as the wife's motion for judgment. With their motion the husband's attorneys filed a letter from him agreeing to their withdrawal and which gave the name of another attorney who "will represent us in the future."
On or about the date the husband's attorneys filed their motion to withdraw, the chancellor made a notation on the jacket of the court file that he was recusing himself in the cause. No order of recusement or disqualification was filed, and on May 28, 1964, when the noticed motions came on for hearing, the chancellor entertained them and entered an order permitting the attorneys of record for the husband to withdraw, and entered judgment in favor of the wife against the husband for arrears in the amount claimed. Thereafter, on June 3, 1964, a new attorney for the husband filed an appearance in the cause, and four months later, on October 23, 1964, moved to vacate the judgment under rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A.
The motion to vacate charged that the judgment for arrears had been entered by the chancellor inadvertently and that it would be unjust and inequitable not to relieve the husband therefrom because after the notation on the court file that the chancellor was recusing himself the husband was informed by his counsel that the hearing would be cancelled. The motion then alleges that the hearing proceeded in his absence and without further notice to him or his lawyers, and that suit on the judgment in Minnesota was threatened.
The husband's contention that the chancellor entered the judgment by mistake is refuted by the record. It is clear that the chancellor did not consider himself disqualified. No ground for disqualification appears on the record, and no disqualification order was filed in the cause. See Roberts v. State, 27 Fla. 244, 9 So. 246; State ex rel. Bryan v. Albritton, 114 Fla. 725, 154 So. 830-831. The chancellor considered the various motions on their merits and made further rulings in the case. Moreover, if the chancellor had considered himself disqualified and for that reason had concluded his judgment entered on May 28 was not valid, his subsequent order vacating the judgment would be equally invalid. Hogan v. State, 89 Fla. 388, 104 So. 598, 599.
The motion to vacate was inadequate to entitle the husband to relief under rule 1.38(b), F.R.C.P., on which the chancellor proceeded. There was no showing that the fact that the husband and his attorneys were not present at the May 28, 1964 hearing on the wife's motion for judgment, operated to the husband's prejudice. This is so because the husband did not respond to the motion for judgment with a contention that any of the claimed arrears, which were set forth in detail in the wife's motion, were not due and unpaid. Nor did the husband so contend in his motion to vacate, which made no showing of a meritorious defense to the wife's motion for judgment.[1] Under these circumstances, setting aside the arrears judgment could serve only to delay the proceedings.
A trial court has control over its judgments and decrees until they become *902 final, and under rule 1.38(b), F.R.C.P., one against whom a judgment has been entered may be granted certain relief therefrom for grounds and reasons set out in the rule. But the power and discretion of the court to grant such relief is not unbridled and can not be invoked as a matter of right, but is to be exercised within the limits of judicial discretion. The power thus granted may properly be used to prevent manifest injustices, but a prerequisite is a showing of the existence of grounds justifying its exercise. See Lewis v. Jennings, Fla. 1953, 64 So.2d 275, 277; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733; United States v. Gould, 5 Cir.1962, 301 F.2d 353, 355; 7 Moore's Federal Practice, p. 223 et seq.
For the reasons stated we hold that the able chancellor was in error in granting the motion to vacate the judgment for arrears of May 28, 1964, and the order appealed from should be and hereby is reversed.
Reversed.
NOTES
[1] A defendant who seeks to have a judgment set aside under rule 1.38(b), claiming mistake or excusable neglect must show existence of a meritorious defense. Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733, 735. And see (dealing with the similar federal rule 60(b), Assmann v. Fleming. 8 Cir.1947, 159 F.2d 332, 336; Tozer v. Charles A. Krause Mill Co., 3 Cir.1951, 189 F.2d 242, 244; United States v. Williams, W.D.Ark. 1952, 109 F. Supp. 456, 460; Trueblood v. Grayson Shops of Tennessee, Inc., E.D.Va. 1963, 32 F.R.D. 191, 196.