PER CURIAM.
Appellant, former wife of the appellee, filed a motion pursuant to Fla.R.Civ.P. 1.540 seeking to set aside a property settlement agreement, the terms of which had been incorporated into a final decree of dissolution of marriage entered some three months before. The ground of the motion was that the wife had been coerced by her attorney into making the settlement agreement against her will. At the conclusion of the evidence presented by the wife at a hearing on the motion, the trial judge found as follows:
“1. That the Wife’s Motion for Relief from Final Judgment be and the same is hereby denied on the following grounds.
“2. That it was clearly established that the Respondent/Wife was fully aware of the property settlement agreement that was entered and made a part of the Final Judgment. Further that she participated fully to establish the agreement between herself and her former Husband. It was established the Wife is an experienced business woman and has participated in negotiating contracts for real estate transactions in the past and, therefore, was well aware of the terms of the property settlement agreement and the negotiations for same.
“3. That it was established that prior to her being represented by MR. DANIEL HELLER, she was represented by two other attorneys and that she discharged them by letter. That if she was dissatisfied with the services of MR. DANIEL NEAL HELLER, that she had every right to discharge MR. HELLER, but she chose not to do so and he represented her through the Property Settlement Agreement and the Final Judgment, which incorporated the Property Settlement Agreement. That her allegations that she was coerced and under duress by MR. DANIEL NEAL HELLER had not been substantiated by her evidence and, in fact, the evidence clearly establishes that she cooperated with her attorney and that her attorney, DANIEL NEAL HELLER, negotiated for and in her behalf to establish the Property Settlement Agreement with her full cooperation and participation.”
On this appeal, it is urged that the trial judge abused his discretion (1) in denying the wife’s motion by failing to find for her on the basis of the evidence she presented in support of her motion where there was no rebuttal evidence by the husband, and (2) in granting the husband’s motion to dismiss the wife’s motion by failing to require the husband to present evidence in support of his own motion.
Our review of the record convinces us that the wife failed to present a prima facie case entitling her to the relief sought. See Butler v. Butler, 172 So.2d 899 (Fla.3d DCA 1965); and Southern Title Research Company v. King, 186 So.2d 539 (Fla.4th DCA 1966).
Affirmed.