EX PARTE J. A. EDMONDSON AND W. J. OVEN.

Opinion Filed June 30, 1914.

It is not a contempt of court to levy executions upon logs after they have been by authority of the court sold and delivered to a purchaser by the receiver of the court in whose custody the logs had been prior to the sale and delivery.

Original Proceedings in Habeas Corpus.

Petitioners discharged.

*W. J. Oven* and *J. A. Edmondson,* in *pro per.*;

*A. B. & C. C. Small* and *Ira J. Carter,* for Receiver.

WHITFIELD, J.—A petition was presented to a Justice of this court in which it is in effect alleged that the petitioners are being illegally held in the custody of the Sheriff of Leon County, in the Second Judicial Circuit of Florida, under and by virtue of an order issued out of the Circuit Court of the Third Judicial Circuit, in and for Hamilton County, directed to the sheriff of Hamilton County, commanding him to take petitioners into custody for an alleged contempt of the court, in that the petitioners has caused the Sheriff of Franklin County, Florida, to levy executions held by creditors upon an undivided one-half interest of the Judson Lumber Corporation in certain logs that had been in the hands of a receiver in a cause wherein said Judson Lumber Corporation was a party defendant and the execution creditors aforesaid were not parties, but which logs had by the said receiver under authority of the court been sold for a stated price and actually delivered to the purchaser in whose possession the logs were when the executions were levied; that at the time of the levy of the executions, the logs levied upon had passd out of and were not in the possession of the receiver who had then no control or jurisdiction over the same. A writ of habeas corpus was issued, and, because of the illness of the Judge of the Second Judicial Circuit, the writ was made returnable to this court and not to the Circuit Judge having jurisdiction, as is the usual practice.

The return of the Sheriff shows that he has custody of the petitioners by virtue of the order of commitment as for contempt of court.

It appears that the receiver, by authority of the court entered into a contract for the sale at a stated price of

logs to be delivered in installments and paid for period ically; that after some of the logs had been sold and delivered to the purchaser, but had not yet been paid for under the contract, the petitioners caused executions to be levied upon logs that had been sold and delivered by the receiver into the possession and custody of the purchaser. Payment of the purchase price for the logs was not a condition precedent to the passage of title and possession to the purchaser; and as the logs had been sold and delivered to the purchaser by the receiver under authority from the court before the executions were levied upon them, the levies were not an interference with property in the actual or constructive possession and custody of the court or its officers. The execution creditors were not parties to the suit involving the custody of the logs. Consequently there was no basis in fact or in law for adjudging the petitioners in contempt predicated upon the levies as made. The validity of the levies is not involved here.

It is contended in support of the commitment that the levies will cause the purchaser to abandon the contract and that the court's purpose to pay creditors out of the proceeds will be thereby frustrated. But the consequential effect of the levies as a business proposition cannot make lawful levies of process a contempt of court. If the contract is abandoned by the purchaser, it will be because of the exercise of his will and not because of the legal or necessary effect of the levies. No collusion or other bad faith is sugested.

The petitioners are discharged.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER. J. J., concur.