EX PARTE R. W. TURNER, *et al., Petitioners.*

Opinion Filed February 14, 1917.

1. Habeas corpus is an appropriate remedy to test the jurisdiction of a Circuit Court in a stated case to punish as for a contempt.

2. The custody of a prisoner who is serving under sentence of a court, is regulated by statute, not by judicial orders, and an interference with such custody or a violation of statutory regulations is not a contempt of the court, though such interference or violation may be redressed by due course of law.

Petitioners discharged.

*R. W. Farnell,* for Petitioners;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, *contra.*

WHITFIELD, J.—The petitioners applied to this court for a writ of habeas corpus alleging in effect that they are illegally deprived of their liberty by the Sheriff of Columbia County in this: that the Circuit Judge issued a rule against them stating that one Dick Marshall had been by the court adjudged guilty of aggravated assault and sentenced to pay a fine and in default thereof to be im-

prisoned in the county jail for nine months; that it was reported to the court that the petitioners as county commissioners of the county had directed and caused the release of the said Dick Marshall from jail "contrary to law, and in defiance of the order, sentence and judgment of this court." The command was to show cause why they "should not be considered held and adjudged to be guilty of contempt of this court." The return in effect averred that Dick Marshall was in good faith directed to be discharged from jail for reasons stated but immaterial here, which the commissioners thought sufficient to justify their action. The court adjudged them in contempt and imposed a fine on each, a default in payment to be followed by custody of the persons by the sheriff until fines and costs are paid.

A writ of habeas corpus was issued returnable before this court. The return of the sheriff stated the custody of the petitioners to be based on the proceedings as above set out.

Habeas corpus is an appropriate remedy to test the jurisdiction of a Circuit Court in a stated case to punish as for a contempt. See Florida Cent. & P. R. Co. v. Williams, 45 Fla. 295, text 298, 33 South. Rep. 991; Ex parte Senior, 37 Fla. 1, 19 South. Rep. 652; Ex parte Edwards, 11 Fla. 174; 21 Cyc. 295. See also Ex parte Edmondson, 68 Fla. 53, 66 South. Rep. 292; Junius Hart Piano House v. Ingman, 119 La. 1017, 44 South. Rep. 850; Merrimack River Savings Bank v. City of Clay Center, 219 U. S. 527, 31 Sup. Ct. Rep. 295, 22 Ann. Cas. 513; Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. Rep. 44, 21 Ann. Cas. 849.

The custody of a prisoner who is serving under sentence of a court, is regulated by statute, not by judicial orders; and an interference with such custody or a vio-

lation of statutory regulations is not a contempt of the court, though such interference or violation may be redressed by due course of law.

As the action of the petitioners in directing the discharge of the prisoner while serving a sentence of imprisonment was not a contempt of the court that imposed the sentence, the circuit judge was without jurisdiction to detain the petitioners in punishment as for a contempt.

The petitioners will be discharged.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.