(91 South. 164)

### No. 25073.

### HUNDLEY, City Judge, v. FOISY, Mayor.

### In re FOISY.

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Contempt ⬤⟿17—Interference with enforcement of judgments of court "contempt" in civil cases, but not in criminal cases.

Interference with the enforcement of judgments by the executive officers through whom the judgments are enforced, or carried out, constitutes contempt in a civil case, but not in a criminal case, since in a criminal case the

functions of the court cease with the final sentence, and the allegiance of the officers enforcing the judgment is not to the court, but to the law; the penalty for nonperformance of duty being removal from office or fine and imprisonment, under Rev. St. § 866.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contempt.]

**2. Contempt ☞17—Mayor, who ordered city marshal to free prisoner without formal pardon, not in contempt of court.**

Mayor, who ordered the city marshal to free a prisoner who was being conveyed to the parish jail under a sentence imposed by the judge of the city court without formal consent of the city council and entry of pardon order on minutes of the council, as required by Act No. 136 of 1898, § 20, could not be adjudged in contempt of court.

Dawkins, J., dissenting.

Contempt proceedings by Al Hundley, City Judge, against J. F. Foisy, Mayor. Judgment adjudging defendant in contempt and he applies for writs of certiorari and prohibition. Judgment and sentence annulled, writ of prohibition made peremptory, and rule against defendant discharged.

Thornton, Gist & Richey, of Alexandria, for relator.

By the WHOLE COURT.

PROVOSTY, C. J. The mayor of the city of Alexandria, defendant in this case, on being advised that a certain prisoner was being conveyed to the parish jail by the city marshal under a sentence imposed by the judge of the city court, plaintiff in this case, for violation of the city's speeding ordinance, telephoned to the officer in charge of the jail to set the prisoner free as soon as delivered to him, and this was done, and thereupon plaintiff ordered defendant to show cause why his said act should not be adjudged to have been in contempt of court, and he be punished accordingly; and, after hearing, plaintiff sentenced defendant to 24 hours in the parish jail; and thereupon defendant sued out in this court the present writs of certiorari and prohibition.

The mayor has authority to pardon, but only with the consent of the city council (consisting of himself and two other commissioners), and only after the pardon order, together with the reasons therefor, has been entered on the minutes of the council. Act 136, p. 236, of 1898, § 20.

At the time the defendant telephoned as above, this consent of the two other commissioners had been given only informally in conversation, and the required minute entry had not been made. Because of these informalities, the plaintiff considered that the defendant had acted without authority, and therefore in contempt of court.

[1, 2] In a civil case the executive officers through whom the judgments of the court are enforced or carried out are the agents of the court; or, in other words, the court executes or carries out its own judgments through its officers as its agents. Interference with these officers in carrying out the orders of the court is therefore interference with the court, and is contempt of court. In a criminal case the situation is different; the functions of the court cease with the final sentence, or with the giving of such final orders as may be necessary for the sentence being put into execution. The prisoner then passes under another jurisdiction—that of the officers designated by law for having charge of him and seeing to it that the sentence passed upon him is carried out. In the discharge of the latter functions the allegiance of these officers is not to the court, but directly to the law, which has prescribed their duties and provided sanctions for the nonperformance of these duties. Their allegiance not being to the court, they are not in contempt of court, but in contempt directly of the law itself, if they fail in their duties. Their penalty is removal from office for nonperformance of

duty; or, if they set the prisoner free without authority, their penalty is fine and imprisonment (R. S. § 866), not punishment for contempt of court. And in like manner interference with these officers in the discharge of the latter duties is not contempt of court. This would come out very plainly if a court undertook to hold the sheriff for contempt for failing to take a prisoner to the penitentiary, or undertook to hold the officials of the penitentiary for contempt for failing to carry out the sentence in some way, or liberating the prisoner without authority; or undertook to hold the Governor for contempt if without authority he gave an order to the warden of the penitentiary to set a prisoner free. The legal situation comes out less clearly in a case like the present, but it is no different. The town marshal is a constable, and the duties of a constable in such a case are the same as those of a sheriff in an analogous case, and the duties of the officer in charge of the parish jail are no different from those of the officials of the penitentiary in what concerns the carrying out of the sentence of the court upon the prisoner, and the pardoning power of the Governor is as much qualified as that of the mayor.

This was the view taken of the legal situation in an analogous case by the Supreme Court of Florida. Ex parte Turner, 73 Fla. 360, 74 South. 314, L. R. A. 1917D, p. 355.

Had the defendant set the prisoner free with force and arms this would not have been a contempt of court. His having done so by means of a mere spoken word, and over the phone at that, has not aggravated the legal situation.

The judgment and sentence are annulled, the writ of prohibition is made peremptory, and the rule against the defendant is discharged.

DAWKINS, J., dissents.