. Ex Parte: Marcus R. Bostwick.
136 So. 669.
Division B.
Opinion filed September 22, 1931.

996

BROWN, J., dissenting.

*John L. Neeley,* of Tallahassee, for Petitioner.
*Willard Utley,* of West Palm Beach, for Respondent.

DAVIS, J.—This is a habeas corpus proceeding in which the prisoner seeks release from a sentence of thirty days imprisonment imposed upon him for contempt of court. The judgment in the contempt proceeding shows that the Circuit Court of Palm Beach County issued a writ of assistance and order for possession of certain real estate against which a foreclosure sale had been had; that thereafter M. R. Bostick, who was a defendant in the foreclosure proceeding, moved out and vacated the property and dug up, removed and carried away from said property three cocoanut trees and about fifty aurelias without right or authority; that such conduct unlawfully hindered, delayed and interfered with the proper execution of the writ of assistance, thereby obstructing the due administration of justice. Another ground for the judgment of contempt was that the said Bostick wilfully abused legal process in obtaining from the Court a delay in having

the writ of assistance executed in order to permit his execution of a supersedeas bond in connection with a proposed appeal from the final decree and then removing, destroying and concealing a part of the subject matter of the suit while action was pending.

The respondent denies that the acts charged constitute a contempt for which he could be lawfully committed to jail. This contention is based upon the idea that the foreclosure case had been finally determined in the Circuit Court and that the land upon which the final decree in the case operated had already been sold under the final decree and the sale confirmed by the court, after which the Master in Chancery had executed and delivered his deed conveying the property to the purchaser at the sale, which deed had been recorded.

It is further contended that no order of the court in the proceeding referred to is shown to have been violated, and that even though a writ of assistance had been issued to carry into effect the decree of the court by putting the purchaser in possession, that the acts charged, and for the purposes of this proceeding admitted to be true, did not constitute a contempt of court. The contempt charged is of that class known as a criminal contempt and therefore must be tested by the rules applicable to criminal contempts.

The writ of habeas corpus is a collateral remedy, and, under the well established rule a judgment in a court of competent jurisdiction upon a matter within that jurisdiction cannot be collaterally impeached, it results that no question of jurisdiction being raised or involved a conviction of commitment for a criminal contempt cannot be reviewed by means of this writ.

But where the case is one of conviction for a contempt of court *non in facie curiae,* and the matter involved is the correcting of the improper use of the power of the court to punish for a contempt, the law furnishes a

remedy where the punishment is imprisonment, to a very large extent efficacious and speedy but not always adequate to the purpose. That remedy is by means of the writ of habeas corpus. Ex parte Senior, 37 Fla. 1, 19 So. 652; McCall v. Lee, 66 Fla. 14, 62 So. 902; Ex parte Earman, 85 Fla. 297, 95 So. 755; 31 A. L. R. 1226.

When a court has adjudged an imprisonment for contempt of court, a superior court may in appropriate habeas corpus proceedings test the validity of the imprisonment by determining whether the court that imposed the sentence of imprisonment had jurisdiction of the person, had authority to render such a sentence, and had a proper predicate for its sentence in the charge and the proofs or admissions duly adduced before the court. Ex parte Turner, 73 Fla. 360, 74 So. 314.

In this case the record shows that the writ of assistance was in fact served by the Sheriff on March 10, 1931, but that the petitioner Bostick was not immediately ousted from possession by order of complainants' attorney. Sometime after April 2, 1931, and prior to the afternoon of April 4, 1931, the three cocoanut trees and the aurelias which had been growing on the premises appear to have been removed, and simultaneously therewith it appears that three cocoanut trees and shrubbery identical in kind, character and size to those removed from the premises were found very recently planted upon other premises to which said M. R. Bostick had removed after vacating the lands involved in the foreclosure suit.

Assuming, for the purposes of this case, that it is true that after the writ of assistance was served by the Sheriff on March 10, 1931, that the said Bostick moved the three trees and shrubbery about which complaint was made, the record wholly fails to show that this was done in violation of any specific previously made order of the Circuit Court, or done in anywise in defiance or deroga-

tion of the powers of the Circuit Court, unless the writ of assistance which had been issued under the direction of the court be regarded as in the nature of an injunction restraining the defendant from committing such acts.

After the Sheriff served the writ of assistance on March 10, 1931, as the record shows that he did, the responsibility for protecting the property was upon the Sheriff until the writ was completely executed by the ousting of the defendants and the installation in possession of the purchaser who had acquired a deed at the foreclosure sale. Whatever wrong was committed by Bostick was not a wrong against the dignity or power of the Circuit Court whose writ was being executed, and it was therefore beyond the power and jurisdiction of the circuit judge to hold the respondent Bostick guilty of contempt of court for doing acts against which no specific order of the court had been directed.

The property was not *in custodia legis* merely because a foreclosure sale had been had and a writ of assistance issued, and therefore the proceeding here is not governed by the rules obtaining in such cases. See 6 R. C. L. 501; Burnett v. State, 47 L. R. A. (N. S.) 1175; Ex parte Joe Edmondson, 68 Fla. 53, 66 So. 292.

The point that the petitioner wilfully abused legal process in obtaining from the court a delay in having the writ of assistance executed is negatived by the showing made in the record that the Sheriff served the writ of assistance on March 10, 1931, whereas the trees and shrubbery were not removed until sometime after April 2, 1931, and prior to April 4, 1931.

[For the reasons pointed out, the commitment of petitioner for contempt of court in the particulars specified in the commitment was illegal and petitioner should be discharged from custody.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.