STATE ex rel. FRANK M. HAMILTON, Petitioner, v. WORTH W. TRAMMELL, one of the Judges of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Respondent.

200 So. 82<br/>
Division A<br/>
Opinion Filed January 31, 1941

*Joseph B. Cozatt,* for Petitioner;
*Owen W. Pittman, Jr.,* for Respondent.

BUFORD, J.—This cause is before us on return to rule *nisi* in prohibition proceedings.

It appears that in habeas corpus proceedings the circuit court ordered the respondent there to produce the body of an infant Eleanor Jean Hamilton before the court. The record shows that the infant was not in the custody of respondent and was not within the jurisdiction of State Courts of Florida and has not been within such jurisdiction since the year 1937; that since 1937 the said infant has been in the State of Michigan in the custody of Mr. and Mrs. V. F. Dewey and beyond the control of the respondent.

Regardless of this showing, the circuit court has entered a judgment holding the respondent to be in contempt of court for failure to produce the body of the said infant.

The judgment, *supra,* is reviewable on habeas corpus proceedings but may not be reached in this proceeding.

The circuit court has the power and jurisdiction to adjudge parties before the court to be in contempt of court and may exercise that power either erroneously or properly subject to review in the appellate court on habeas corpus. See *Ex Parte* Peaden, 88 Fla. 273, 102 Sou. 160; Hazen v. Smith, 101 Fla. 767, 135 Sou. 813; *Ex Parte* Turner, 73 Fla. 360, 74 Sou. 314; *Ex Parte* Bostwick, 102 Fla. 995, 136 Sou. 669; *Ex Parte* Earman, 85 Fla. 297, 95 Sou. 755, 31 A. L. R. 1226.

It, therefore, follows that the rule *nisi* issued here must be quashed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.