SHANNON, Judge.
The appellant, Thelma Dixon, is appealing the lower court’s order quashing a writ of habeas corpus and remanding appellant to custody.
Appellant is the mother of Vetosa Lloyd, a fourteen year old girl. The Juvenile Court of Sarasota County adjudicated Vetosa a delinquent child, and ordered:
“It is hereby ordered that the said Vetosa Lloyd be and she is hereby removed from the custody and control of the said parent or legal custodian, the said Thelma Dixon and committed to the Florida State Industrial School for Girls for an indeterminate period of time and until legally discharged therefrom
“It is further ordered that jurisdiction of said child and of this case is hereby retained until the further order of this court but that active control of the court over said child shall be and is hereby suspended until she is discharged or released from said Industrial School at which time the court shall resume such control and shall make such other and further orders herein as to the court may seem necessary.”
Pursuant to the commitment order, Vetosa Lloyd was committed to the Florida School for Girls at Forest Hill, Lowell, Florida. While she was so committed the appellant secured her release therefrom, as stated in the contempt citation, as follows:
“* * * by falsely stating to the Florida School for Girls at Forest Hill, Lowell, Florida, that she, THELMA DIXON, ‘I have the Sarasota County Juvenile Court’s permission to accept Vetosa and that I am going to enroll her in Keith Bible Institute’, did obtain the release of said child from the Florida School for Girls at Forest Hill.”
The appellant was cited by the Juvenile Court of Sarasota County, Florida, for contempt, and pursuant thereto, after a hearing, was adjudged in contempt of that court. The appellant thereafter obtained a writ of habeas corpus from the Circuit Court of Sarasota County, alleging in her petition, in substance, that she had been denied due process of law in that the acts charged in the Juvenile Court’s contempt citation did not constitute a contempt of that court as a matter of law. A return to the petition was filed, and, after hearing, the Circuit Court quashed its writ and remanded appellant to custody. This appeal ensued.
The appellant poses two points in her brief in this court. She first argues that the custody of one committed to the Florida Industrial School for Girls is regulated by statute and not by order of the committing court; and second, that a court’s order that a person’s child be removed from that person’s custody imposes no particular duty upon that person other than to refrain from interfering with such removal. In view of the fact that our decision in this case will be determined under the first point, which necessarily brings into play the appellant’s second point, we will consider them as one.
 The charge against appellant was that she falsely advised someone in the Florida School for Girls that she had the *634 Juvenile Court’s permission to accept Vetosa. Regardless of the ease with which the appellant obtained her daughter’s release from the school, or of the fact that she lied in order to secure her release, this act does not constitute, as a matter of law, a contempt of the Juvenile Court of Sarasota County. If the appellant had interfered in any way with the daughter’s custody while she was in the jurisdictional sphere of the Juvenile Court it would have been contempt; but after she was actually committed to the Florida School for Girls, the officials at that school had sole custody and control of Vetosa. In her brief the appellant concedes and sets out the times within which she would have been in contempt in securing her daughter’s release, to wit: 1) while her daughter was detained by the court’s officers prior to adjudication and commitment; 2) while her daughter was detained by the court’s officers subsequent to the adjudication and commitment, but prior to physical transfer to the industrial school; or 3) at any other time that the officers of the court acted to remove her daughter from appellant’s physical custody, whether before, at, or after the adjudication and commitment, but prior to the daughter’s physical transfer to the industrial school.
Sec. 39.11(3), Fla.Stat.1961, F.S.A., reads, in part, as follows:
“Any commitment made to an industrial school shall be for an indeterminate period of time, any child so committed to be released when directed by the board of commissioners of state institutions rather than upon the order of the juvenile court committing the child, * * *. The board of commissioners of state institutions shall notify the juvenile court which committed the child to the school, at least thirty days before releasing the child, and the juvenile court may thereupon resume control and thereafter make orders for the supervision of the child as may be proper.”
While we have no decisions in Florida dealing with the particular facts of this-case, we do have one dealing with the unauthorized release of a prisoner from the county jail, which case we consider very persuasive. In that case the petitioners for habeas corpus were county commissioners who had directed and caused the release from jail of a convicted person. In-granting the writ of habeas corpus, the Supreme Court in the case of Ex parte Turner et al., 1917, 73 Fla. 360, 74 So. 314,. said:
“The custody of a prisoner who is serving under sentence of a court is-regulated by statute, not by judicial orders; and an interference with such-custody or a violation of statutory regulations is not a contempt of the court,, though such interference or violation may be redressed by due course of law.
“As the action of the petitioners in directing the discharge of the prisoner-while serving a sentence of imprisonment was not a contempt of the court that imposed the sentence, the circuit judge was without jurisdiction to detain the petitioners in punishment as for a contempt.”
The Turner case was cited and recognized as representative of the weight of authority in People ex rel. Grenfell v. District Court, 1931, 89 Colo. 78, 299 P. 1. And in Ridgeway v. Superior Court of Yavapai County, 1952, 74 Ariz. 117, 245 P.2d 268, this same rationale was followed, the court stating that “[a] review of the statutory-provisions, supra, relating to juveniles, demonstrates the benevolence of their provisions. These laws are to be executed by the executive branch of the government and not by the judiciary.” This latter case involved contempt proceedings against a Superintendent of the Industrial School for Boys, and held that he was not subject to-attachment for contempt for subjecting wards of the state to cruel punishments. The Supreme Court of Arizona held that the penalty for nonperformance of his- *635 •duties was removal from office or fine and ■imprisonment, not contempt proceedings.
At 21 A.L.R. 327 is an annotation on this ■subject, entitled “Interference with enforcement of judgment in criminal case as •contempt.” Though this annotation contains several cases in which “an inconsistent view has been taken”, we think the better rule was stated in the case heading the annotation. This is the case of Hundley v. Foisy, 1922, 150 La. 716, 91 So. 164, 21 A.L.R. 325, in which the court recognized the view taken in Ex parte Turner, .supra. The Hundley case was concerned with a mayor who ordered the jailer to set :a certain prisoner free. The sentencing judge cited the mayor for contempt, and the ■case went to the Louisiana Supreme Court ■on certiorari and prohibition. In discussing one’s liability for contempt in this situation, the court distinguished between civil and criminal cases, noting that in a civil case the court carries out its own judgment through its officers as its agents; thus, interference with these officers is contempt of court.
“ * * * In a criminal case the situation is different; the functions of the court cease with the final sentence, or with the giving of such final orders as may be necessary for the sentence being put into execution. The prisoner then passes under another jurisdiction, — that of the officers designated by law for having charge of him and seeing to it that the sentence passed upon him is carried out. In the discharge of the latter functions the allegiance of these officers is not to the court, but directly to the law, which has prescribed their duties and ■provided sanctions for the nonperformance of these duties. Their allegiance not being to the court, they are •not in contempt of court, but in contempt directly of the law itself, if they fail in their duties. * * * And in ■like manner interference with these ■officers in the discharge of the latter duties is not contempt of court. * * *” (Emphasis added).
We find that the appellant was not in contempt of the Juvenile Court of Sarasota County by gaining the release of her child. We therefore hold that the lower court’s orders quashing the writ of habeas corpus and denying rehearing be reversed, and that the appellant be discharged from custody.
Reversed.
KANNER, Acting C. J., and McNATT, JOHN M., Associate Judge, concur.