STATE, ex rel. DUKE and SPEAR v. SHEPPARD, Judge, et al.

No. 64-L-847.

Circuit Court, Dade County.

March 18, 1964.

Spear & Deuschle, Fort Lauderdale, for relators.

William C. Steel and Talbot D'Alemberte of Scott, McCarthy, Preston & Steel, Miami, for respondents.

HENRY L. BALABAN, Circuit Judge.

This cause came on for hearing on the petition of Stephen A. Spear and Anthony D. Duke for a writ of prohibition and the alternative writ which was issued and served on the Honorable Ben J. Sheppard, judge of the juvenile and domestic relations court in and for Dade County, and on Elizabeth Dunn. The court has received the return and motion to strike filed by Judge Sheppard and the motion to quash filed by the respondent, Elizabeth Dunn, and after notice to all parties, the court having heard argument, reviewed the file, and being duly advised in the premises finds —

Stephen A. Spear and Anthony D. Duke, relators, seek a determination that there is no jurisdiction in the juvenile and domestic relations court (hereafter called the "juvenile court") to bring the relator, Anthony D. Duke, to a hearing on a rule to show cause why he should not be held in contempt of that court. The Honorable Ben J. Sheppard is the judge of the juvenile court and Elizabeth Dunn is the former wife of Anthony D. Duke who

is adverse to him in a proceeding before the juvenile court. Stephen A. Spear is Duke's attorney.

There has been filed with the court a copy of all pleadings filed in the juvenile court including a nunc pro tunc order, and it appears that the relator Duke, and the respondent, Elizabeth Dunn, were before Judge Sheppard in a proceeding concerning Cordelia D. Duke, the natural child of their former marriage.

It appears from the record that Duke submitted to the jurisdiction of the juvenile court and has sought affirmative relief from that court in the case involving Cordelia D. Duke. (See the order entered by that court on September 5, 1963, and the petition for rehearing and custody filed by Duke on August 3, 1963.)

The jurisdiction of the juvenile court over the child Cordelia D. Duke existed by reason of the fact that she was a "delinquent child" within the terms of Florida Statute 39.02(1) and therefore the juvenile court has "exclusive original jurisdiction" of this child.

Although the relators argue that no determination of jurisdiction over the child was made by the juvenile court, it is apparent from the record that the juvenile court held extensive hearings and accepted as true the statement of Duke himself, who said in a *sworn* petition that the minor child — "stated that if she were ordered back to her mother's home she would run away again . . ." This court notes that one of the bases for the juvenile court's jurisdiction is given in Florida Statute 39.01(11), which provides that a "delinquent child" is one who is beyond the control of the child's parent. The relator has admitted, in a verified petition, that the juvenile court has jurisdiction.

Relators have objected that there has been no "adjudication" of the juvenile court's jurisdiction by that court, but they have not cited any requirement for such a formal determination. Further, even if this were a valid objection, it is no longer tenable since the juvenile court entered its *nunc pro tunc* order on March 13, 1964.

There is no doubt that the juvenile court has power to punish for contempt. Florida Statute 38.22 states —

> *"Power to punish.* — Every court may punish contempts against it whether such contempts be direct, indirect, or constructive, and in any such proceeding the court shall proceed to hear and determine all questions of law and fact, . . . "

Further, there is inherent power in all courts to invoke contempt powers to maintain the dignity and orderly procedure so essential to the administration of justice. State, ex rel. Franks v. Clark,

46 So.2d 488 (Fla. 1950). Contempt power by juvenile courts has been expressly approved in Florida appellate opinions. Graham v. State, 144 So.2d 97 (Fla. App. 2d 1962).

This court therefore finds that full jurisdiction does exist in Judge Sheppard to proceed in the case before him. Even if this were not the court's finding, the petition for writ of prohibition would be denied by this court as an exercise of its discretion and, also, in recognition of the adequate remedies which rest with the relators by virtue of their right of appeal, State, ex rel. B. F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939), and the right to take habeas corpus, State, ex rel. Hamilton v. Trammell, 146 Fla. 10, 200 So. 82 (1941).

It is therefore ordered and adjudged that the petition for a writ of prohibition be denied and dismissed, and the alternative writ directed to the respondents, Hon. Ben J. Sheppard and Elizabeth Dunn, be and the same is hereby quashed.