## STATE EX REL. WILHELM, RELATOR, *v.* THIRD JUDICIAL DISTRICT COURT, RESPONDENT.

[Submitted December 5, 1895.   Decided January 13, 1896.]

INSANE—*Order of examination.—Certiorari.*—An order adjudging relator insane will not be annulled on *certiorari* as in excess of jurisdiction because of the failure of the record to show that an order was made fixing the time and place of the examination provided for by section 1215, fifth division of the Compiled Statutes, where it appeared that a jury and witnesses were summoned for a given time and place and that the relator was then and there produced and examined before the jury,—it also appearing that the judge in his return to the writ certified that the order was made. (*State ex rel. Caldwell* v. *Ninth Judicial District Court, ante,* p. 329, cited.)

SAME—*Jury—Venire.*—Insanity proceedings will not be annulled on *certiorari* as without jurisdiction because the venire issued for the jury did not on its face call for three citizens, one of whom was a licensed physician, where the relator was in fact tried before a jury having such qualifications, as required by section 1215, fifth division of the Compiled Statutes.

SAME—*Jury—Verdict.*—In an insanity proceeding the verdict of a jury, acting under oath, that the person is insane, is a sufficient certifying under oath that the charge is correct, within section 1215, fifth division of the Compiled Statutes.

APPLICATION for a writ of *certiorari* to review the action of the district court of the Third judicial district in adjudging relator insane.

*F. E. Stranahan,* for Relator.

*E. Scharnikow,* for Respondent.

PER CURIAM.—The petitioner, Mrs. Wilhelm, obtained from this court a writ of *certiorari* to review the action of the district court in adjudging her to be insane. Her contention is that the district court acted without jurisdiction.

The statute under which the court proceeded provides that it shall be the duty of the district judge, upon the application of any person, under oath, setting forth that any person, by reason of insanity, is unsafe to be at large, or is suffering under mental derangement, to cause the said person to be brought before him, at such time and place as he may direct, and shall also cause to appear at the same time and place a jury of three citizens of his county, one of whom to be a licensed practicing physician, who shall proceed to examine the person alleged to

be insane; and if such jury, after careful examination, shall certify upon oath that the charge is correct, and if the judge is satisfied that such person is unsafe to be at large, etc., such judge shall make out duplicate warrants reciting such facts. The rest of the section . provides for the proper delivery of such insane person to the insane asylum. (Comp. St. 1887, div. 5, § 1215.)

The relator complains that the judge did not make out an order fixing the time and place of the examination. It is true that the record of the proceedings does not contain such order, but the proceedings do show that a jury and witnesses were summoned for a given time and place, and that the relator was brought before the court at that time, and the question of her insanity examined into before the jury. Furthermore, the judge, in his return, himself certifies that he did make the order fixing the time and place. (*State ex rel. Caldwell,* v. *District Court of Ninth Judicial District, ante,* p. 329. We think this is sufficient.

Complaint is also made that the judge did not cause a jury of three citizens, one of whom was a licensed physician, to appear. It is true that the venire for the jury did not, on its face, call for three citizens, one of whom was a licensed physician; but the fact is that jurors, with these qualifications, were summoned to appear and act as a jury. It furthermore appears by the records of the court that the jury were sworn and impaneled to try the matter of the insanity of the relator; that they heard evidence, and returned a verdict declaring relator to be of unsound mind, incapable of caring for herself, and unsafe to be at large. Relator contends that the jury did not make a certificate under oath that the charge of insanity was correct. But they did act under oath, for the record so states; and, so acting under oath,—that is, being sworn as a jury,— they gave their verdict in very clear language as to the insanity of relator. We think this was a sufficient certifying, under oath, that the charge of insanity was correct, to satisfy us that the court was not acting without jurisdiction.

We are also of opinion that the order of the judge suf-

ficiently recites the jurisdictional facts upon which the relator was committed as insane.

There are in the case some irregularities, but they were no more than irregularities, and do not make a showing that the court acted without jurisdiction. That being true, the writ must be dismissed, which is accordingly ordered.

*Dismissed.*