COLUMBUS NORWOOD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 25, 1920.

1. An indictment charging one with the offense of manufacturing alcoholic and intoxicating liquors in a county where the sale of liquors had been prohibited by law, and such offense is alleged to have been committed after the passage of Chapter 7736, Laws of 1918, is not bad because it contains some allegations of fact required by Chapter 7283, Laws of 1917, as to the sale of intoxicating liquors having been prohibited by law in the county where the offense was alleged to have been committed.

2.  Where a bill of exceptions is made up under Rule 103, no assignment of errors is required to be presented to the judge when application is made to him to authenticate the bill.

3.  A charge in an indictment that the defendant manufactured alcoholic and intoxicating liquors is not supported by evidence that the defendant had in his possession four gallons of "buck," without any evidence that the liquid was either alcoholic or intoxicating.

4.  To support an indictment charging the defendant with the manufacture of alcoholic and intoxicating liquors as a second offense of a like character, it is necessary for the State in proof of the latter allegation to produce the record of the prior judgment of conviction.

A writ of error to the Circuit Court for Gadsden County; E. C. Love, Judge.

Judgment reversed.

*W. C. Hodges, J. Baxter Campbell* and *Fred H. Davis,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

ELLIS, J.—In October, 1919, Columbus Norwood was indicted for the "manufacture" of "alcoholic and intoxicating liquors" in Gadsden County. It was alleged that the "sale of liquors" was prohibited in that county by law, and that the accused had theretofore, in May, 1919, in Gadsden County been convicted of manufacturing alcoholic and intoxicating liquors. The offense was alleged to have been committed in July, 1919. A motion to quash the indictment upon the ground that it charged no offense under the laws of Florida was denied.

It is contended by counsel for plantiff in error that the indictment charges an offense partly under Chapter 7283, Laws of 1917, and partly under Chapter 7736, Laws of 1918, because it charges that the accused manufactured the liquor in Gadsden County, in which the sale of intoxicating liquor is prohibited by law, and that he had theretofore been convicted in May, 1919, of a like offense, the first condition appearing in the Act of 1917, and the latter in the Act of 1918, neither Act containing both conditions.

Section 23 of Chapter 7736, Acts 1918, provides that the Act shall be "construed as supplementary to the Act approved April 24th, 1917, (Chap. 7283) and so much of said Act as is not clearly inconsistent with the provisions of this Act shall remain in full force and effect throughout the State when this Act goes into effect." The purpose seems to have been to enact a new statute under Article XIX as amended, of the Constitution, and retain as many of the provisions of the old law as possible, upon the theory perhaps that if any delinquent might escape the provisions of the new, he could be caught under the old Act. The indictment seems to have been drawn upon the same principle, which is not to be recommended so far as pleading is concerned, because there is danger always of misleading the accused and embarrassing him in the preparation of his defense, and if the two statutes are in any wise inconsistent or contradictory or define different offenses the indictment would be bad. See Townsend v. State, 63 Fla. 46, 57 South. Rep. 611; Clark v. State, 68 Fla. 433, 67 South. Rep. 135. This indictment, however, cannot be said to be so vague and indefinite as to mislead the accused. The manufacture of alcoholic or intoxicating liquors in a county which had voted against the sale of such liquors was an offense under the

Act of 1917, but under the Act of 1918, it was an offense whether the county had voted against such sale or not The Act of 1917, therefore, being inconsistent with the latter Act in this particular, was superseded by the new; that is to say, in so far as the Act of 1917 limited the offense to the manufacture of liquor in those counties which had voted against the sale of intoxicating liquors. So much of the indictment therefore as charged the sale of intoxicating liquors in Gadsden County to be prohibited by law was mere surplusage; the allegation was true as to any county in the State. Chapter 7736, Laws of 1918, which became effective in January, 1919, made it so. As the offense as defined by the Act of 1917 was abrogated, the defendant could not have supposed that he was accused of crime under that Act, as the offense was alleged to have been committed in July, 1919, six months after the new Act became effective.

The case of Shields v. State, 78 Fla. 524, 83 South. Rep. 391, relied upon by counsel for plaintiff in error, is not in point. Shields was charged with an offense alleged to have been committed *prior* to the enactment of the statute under which he was indicted. In that case the terms of the new Act were essentially different from those of the Act which was in force when the offense was alleged to have been committed. There was no error in denying the motion to quash the indictment.

The Attorney General has made two motions in this case, both filed upon the same day. One to strike the bill of exceptions upon the ground that no "assignment of errors was filed or presented with said bill of exceptions" and no notice was given to the opposite party of the settling of the bill of exceptions. It appears from the certificate of the judge that the first ground is true. There is

no proof of the fact alleged in the second ground. The other motion is for affirmance upon the ground that no assignment of errors was filed with or presented with the bill of exceptions, no assignment of errors was filed in the court below or in this court as required by the rules; there is no assignment of errors in the record; there are no fundamental errors of law or procedure, and no service upon the opposite party of a copy of the directions for making up the record. The transcript of record was filed in this court on January 20, 1920, the day upon which the writ of error was returnable. The assignment of errors was filed the same day. This complies with the statute. See Section 1706, General Statutes, 1906, Florida Compiled Laws, 1914. The certificate of the trial judge shows that "no assignment of errors was presented to or filed with the Judge of the Circuit Court, and said bill of exceptions is signed and certified to, subject to the ruling of the appellate court on the propriety of so doing in the absence of assignment of errors."

Special Rule 1, which is applicable to civil causes, but under Special Rule 6 *may* be used in criminal cases, requires that at the time of presenting a bill of exceptions to the Judge of the Circuit Court to be made up and settled for the appellate court the plaintiff in error shall present with such bill an assignment of errors specifically mentioning each point that he intends to present in and by such bill of exceptions as ground for reversal, etc. The bill of exceptions appears to have been made up under Rule 103, which does not require an assignment of errors to be presented with the bill of exceptions when it is to be authenticated. The two motions are therefore denied.

The first and second assignments of error question the sufficiency of the evidence to support the verdict and the

conformity of the verdict to the law. The defendant was charged with the manufacture of "alcoholic and intoxicating liquors." The evidence showed that when a Mr. Stow and a Mr. Moody invaded the defendant's house and made a search they found "four gallons of buck." The defendant said he made it for the boys to drink when they came to prime tobacco. Mr. Moody said it was intoxicating, but his cross-examination showed that his statement of fact was a mere impression gained from tasting the liquor. What sensations were produced through his sense of taste to convince his judgment as to the alcoholic or intoxicating properties of the liquor, he did not inform the court or jury.

The evidence was insufficient to establish either the alcoholic or intoxicating properties of the "buck." We also think there was error in denying the motion to strike the testimony of the witness Mr. Morgan, Clerk of the Circuit Court for 'Gadsden County, who read from "Criminal Docket No. 3" an entry of the judgment of the county court in the case of State v. Columbus Norwood, dated May 13, 1917. The allegation in the indictment that the defendant had been theretofore convicted of a like offense was a necessary element in the crime with which he was charged. The whole record of the first judgment of conviction should have been offered. See Watson v. Jones, 41 Fla. 241, 25 South. Rep. 678; Clem v. Meserole, 44 Fla. 234, 32 South. Rep. 815.

Chapter 4723, Laws of 1899, Section 1522, General Statutes, 1906, Florida Compiled Laws, 1914, does not apply to judgments rendered by County Courts.

For the errors pointed out the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.