JOHN JOINER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Division A.

## Opinion Filed September 22, 1926.

1. An indictment charging a second violation of the prohibition law, relating to the unlawful possession of alcoholic liquors, is defective, as to the allegation of a previous conviction, where it merely charges that such previous conviction was "for the offense of possessing alcoholic liquors," without charging that such possession was unlawful.

2. As our statute makes possession of alcoholic or intoxicating liquors under certain circumstances and for certain purposes legal, an indictment or information merely charging possession of such liquors is not sufficient to constitute a charge of a criminal offense.

3. Although the legislature can lawfully provide that proof of mere possession by the accused shall constitute *prima facie* evidence of unlawful acquirement and possession, such a rule of evidence would not operate to change the principles of pleading in criminal cases, which require that an indictment or information to be legally sufficient must charge a criminal offense.

4. The best evidence which is reasonably obtainable, and which the nature of the case admits of, must always be adduced,

unless some good reason is shown for failure to do so, which will in some cases make secondary evidence admissible.

5. In the absence of any evidence explaining the failure to produce the minute book showing the complete judgment of conviction, it is error to admit in·evidence to prove a previous conviction of the violation of the prohibition laws the bench docket containing a memorandum of the court's action, which memorandum fails to show a judgment of conviction of any legally stated offense against the prohibition law.

A Writ of Error to the Circuit Court for Sarasota County; W. T. Harrison, Judge.

Reversed.

*Frank Redd, Marion B. Jennings* and *J. Irving Walden,* for Plaintiff in Error.

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

The plaintiff in error was convicted of the offense of a second violation of the prohibition law relating to the unlawful possession of intoxicating liquors, and sentenced to pay a fine of $200.00 and one year's imprisonment at hard labor in the State prison. To the judgment of conviction he took writ of error.

As chapter 9266 of the laws of 1923 has been recently held unconstitutional (Porter v. State, decided at the January term, 1926) this prosecution will be deemed to have been conducted under section 5486 of the Revised General Statutes, 1920, which the void act sought to amend.

The contention of plaintiff in error that the indictment, as to the allegation of previous conviction, is defective, in that the alleged conviction was, "for the offense of possess-

ing alcoholic liquors,'' without charging that such posses-
sion was unlawful, is correct.   This is such a fundamental
error as would require consideration by the court without
any assignment of error.  Gunn v. State, 78 Fla. 599, 83
South. Rep. 511.   The same question is involved in one of
the rulings on the evidence.

As our statutes on the subject make possession of alco-
holic or intoxicating liquors under certain circumstances
and for certain purposes legal, an indictment or informa-
tion merely charging possession of such liquors is insuffi-
cient.   While the better practice would probably require
the charging of possession for sale, or for some other un-
lawful purpose, we have recently held that in this particu-
lar, an information charging the defendant in general terms
with ''unlawful possession'' will be deemed sufficient.   It
is fundamental that, to be of any legal force, an indictment
or other criminal accusation upon which a prosecution is
founded, must charge a criminal offense.   It is not neces-
sary ·to expressly negative exceptions allowed by the stat-
utes, but this does not relieve the prosecutor of the duty
to so frame his charge as to show on its face a criminal
offense.   Under an indictment merely charging possession
of alcoholic liquors, an ordained minister, having wine in
his possession for sacramental purposes, or a licensed drug-
gist possessing alcohol for medical purposes, could be found
guilty of the supposed offense as charged.  Of course, when
it comes to providing the charge of *unlawful* possession the
statutory *prima facie* evidence rule, that evidence of mere
possession by the accused of intoxicating liquors raises the
presumption of unlawful acquirement and possession, ap-
· plies.   See Chapter 9267, Acts of 1923.  But this rule of
evidence was not intended and does not purport to change
the fundamental and universally recognized principles of
pleading in criminal cases.   The legislature is well within

its rights in providing in effect that when a person is accused of unlawful possession of intoxicating liquors, and on the trial, the prosecution proves possession, this shall be *prima facie* evidence of unlawful possession, throwing the burden of proof upon the accused to show if he can that such possession is lawful. If he cannot, or does not, do this as required by the statute, then such proof of possession alone is sufficient to sustain the charge. A familiar illustration might be mentioned. Under the statute, proof of injury by the running of a railroad train raises the presumption of negligence, and if suit be brought, the plaintiff need only prove that he was injured by the running of the defendant's train and the damage to him arising therefrom. This makes out a *prima facie* case, and casts on the defendant the burden of proving in effect that it was free from negligence causing the injury. But this rule of evidence does not relieve the plaintiff of the necesity of charging in his declaration that the injury was caused by the defendant's negligence. All this is simple enough, if the rules of evidence and those of pleading—substantive law and adjective law—are not confused.

The court therefore erred in permitting the State, over the defendant's objection, to introduce in evidence the bench docket of the County Court as evidence of the previous conviction. This docket only showed the alleged offense in these words: ''Having in his possession, custody and control some alcoholic and intoxicating liquor.'' While the indictment itself only charged a previous conviction in said county court ''for the offense of possessing alcoholic liquors,'' this allegation, as we have seen, was not legally sufficient.

But the admission of this bench docket as evidence of the previous conviction was erroneous for another reason. Sec-

tion 3331, Revised General Statutes, 1920, requires the
Clerk of the County Court to keep a minute book, as well
as a bench docket, in the same manner as for Circuit
Courts. The general rule is well settled that the best evi-
dence reasonably obtainable, and which the nature of the
case admits of, must always be adduced, unless some good
reason is shown for failure to do so, which will in some
cases make secondary evidence admissible. Simpson's
Admr. v. Barnard, 5 Fla. 528; Gordon v. State, 86 Fla. 255,
97 South. Rep. 428. And this court has laid down the rule
that in prosecution for a second offense of violation of the
prohibitive laws, it is necessary for the State, in proof of
the charge of previous conviction, to produce the complete
record of the judgment of conviction. Norwood v. State,
80 Fla. 613, 86 South. Rep. 506; Gordon v. State, *supra.*
No reason was shown in this case why the minute book in
which the judgments of the court are supposed to, and
should be, recorded, was not introduced, so as to show ''the
whole record of the judgment of conviction.'' See gener-
ally 22 C. J. 797, 816.

The proof of the judgment of the prior conviction is
necessary to sustain the conviction of the accused as a sec-
ond offender, and the penitentiary sentence provided in
such cases. State *ex rel.* Loskmiller v. Mayo, 88 Fla. 96,
101 South. Rep. 228. Where that portion of the informa-
tion of indictment charging a second offense, which is a
felony, is defective, and may be regarded as surplusage,
leaving a sufficient charge of a first offense, which is a mis-
demeanor, of which the court has jurisdiction, and the
verdict is guilty as charged, and the sentence is within
the penalty for a misdemeanor, the trial and conviction
will be regarded as for a misdemeanor, and not a felony.
Best v. State, Fla., 107 South. Rep. 638. But such is not the

case here, where the punishment imposed was that applicable to the felony charge.

Reversed.

STRUM, J., concurs;

ELLIS, J., concurs in the conclusion;

WHITFIELD, P. J., and TERRELL, J., concur in the opinion.

BUFORD, J., disqualified.