JABON SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion filed November 1, 1928.

*L. V. Trueman* for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

ELLIS, C. J.—Jabon Smith was indicted, tried and convicted for violation of the prohibition law of Florida as a second offender. The judgment is sought to be reversed upon the ground that the evidence was insufficient to establish the intoxicating quality of the liquor and that proof of the first offense was not properly made.

There is no merit in the first point. The testimony was sufficient to show that the liquor purchased was whiskey and that it was intoxicating. It was obtained from the accused in a soft drink bottle, examined by the witnesses and pronounced to be whiskey, which is presumed to be intoxicating. See Johnson v. State, 81 Fla. 783, 89 So. R. 114; Purcell v. State, 61 Fla. 43, 55 So. R. 847.

The state attorney called the county judge as a witness to prove the first conviction of the accused. The judge produced his "Criminal Record Book" and turning to a certain page testified that he found a record there of the conviction of the accused "for a violation of the prohibition laws of the State of Florida." The page containing that record was offered in evidence. It consisted in part of a record of the judgment entry which recited that "Jabon Smith having plead guilty to the crime of (unlawfully) possessing liquor, the Court adjudges you to be guilty, it is therefore, the judgment of the Court and the sentence of the law," etc. It appeared that the word "unlawfully" was inserted in the record by the judge the day before the record was introduced in evidence.

Without deciding upon either the legality or propriety of altering the words of a record as was done in this case the sufficiency of the record to establish a former conviction of "manufacturing, selling, possessing for sale or transporting for sale any intoxicating liquor for beverage purposes" obviously failed. See State v. Mayo, 88 Fla. 96, 101 So. R. 228.

The judgment and sentence entered and imposed in this case were for the offense of "unlawfully selling, bartering and exchanging alcoholic and intoxicating liquor" as a second offense. Sufficient proof of the first offense in such a case is necessary to justify the imposition of the increased

penalities to which a second offender is liable. State v. Mayo, *supra*.

The judgment is reversed.

STRUM AND BROWN, J. J., concur.

TERRELL AND BUFORD, J. J., concur in the opinion and judgment.