R. Percy Jones v. Bob King, as Sheriff of Lee County.

162 So. 353.
Opinion Filed June 14, 1935.

*W. D. Bell, Frank C. Alderman, F. C. Alderman, Jr., R. A. Henderson, Jr., Wm. J. Wood and Arthur Gomez,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

Per Curiam.—This was a habeas corpus proceeding instituted by an attorney at law to secure his release from imprisonment under a contempt adjudication of the Circuit Court. The Circuit Judge entered a judgment refusing to issue the writ of habeas corpus but allowing writ of error

and supersedeas in connection therewith. The proposition argued before this Court is whether or not the Court erred in the entry of the judgment appealed from.

The writ of habeas corpus is the only remedy available to a person committed for contempt of court such as that here charged which is deemed a criminal contempt. When applied for, relief should not be summarily denied by the refusal of the Judge to issue the writ when application for it is made, but the writ should be issued and a return ordered to be made thereon in the manner required by law. This is so, because the object of the commitment in a criminal contempt case is entirely punitive in that it is to punish an already completed past judicial wrong, and is not to enforce continued respect and decorum in the judicial presence, or to exact compliance with some present lawful order of the court essential to the complete exercise of its jurisdiction.

Criminal contempts, unlike ordinary contempts, have been held by the Supreme Court of the United States to be within the pardon power of the executive (*Ex Parte*; Grossman, 267 U. S. 87, 45 Sup. Ct. Rep. 332, 69 L. Ed., 527 text 535), and therefore are to be dealt with and tried in a manner analogous to criminal proceedings of whose nature criminal contempts partake.

Since a Circuit Judge must necessarily sit in review of the propriety and validity of his own judicial act in the infliction of punishment for a criminal contempt of court which he has already investigated and found a conclusion on, he should issue the writ of habeas corpus instead of summarily denying it and thereby afford to the petitioner the right to invoke any appropriate proceedings available to him to have a different judge preside at the trial of the habeas corpus proceedings in conformity with the practice approved in

disbarment cases which are analagous. See Hogan v. State, 89 Fla. 388, 104 Sou. Rep. 598.

Petitioner seeking by habeas corpus to review the validity and regularity of an order of the Circuit Court finding him guilty of a criminal contempt of court alleged to consist of knowingly and wilfully participating in the bribery of a witness in a pending case, but admittedly outside the personal knowledge or view of the presiding judge, and depending for its support entirely upon the legal weight to be attached to the judge's finding on conflicting evidence of witnesses who have accused petitioner, an attorney at law in good standing at the bar, of the particular acts relied on to constitute the basis of the contempt charged and sustained, is entitled to have the writ of habeas corpus he applied for issued, a return made to it and thereafter to be accorded a full and fair hearing of such issues of law and fact as may be made to appear on the hearing of the habeas corpus case considered as a review of the summary contempt judgment. See: Wilson v. Joughin, 105 Fla. 353, 141 Sou. Rep. 182; Baumgartner v. Joughin, 105 Fla. 335, 141 Sou. Rep. 185.

In both decisions last cited, this Court in acting as a Court of review of the Circuit Court's contempt adjudications involved in those cases, issued its writ of habeas corpus and determined the merits of the case upon the return as made to the process issued.

Reversed for appropriate proceedings.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., dissents.

BUFORD, J., (dissenting).—It is with real regret that I find myself unable to agree with the majority of the court in this case.

Plaintiff in error was found guilty of contempt in the Circuit Court in and for Lee County, Florida.

The Rule nisi alleged:

"*Whereas,* during the Fall Term of this Court in the Year 1934, and during the pendency of the case of the State of Florida against William Lee and Tom P. Downing, which case came on for trial at said term and during the trial thereof in open court on the 15th day of November, 1934, one Frank Givens, being called as a witness for the defendant Downing then on trial and after being duly sworn, testified in said cause—a true copy of his testimony being hereto attached and made a part hereof—which said witness testified, among other things, as follows: questions by Mr. Jones: 'I want you to tell the jury. I want you to tell the jury, did I ask you to swear to a falsehood under a bribe of $25.00, did I ask you to do that?' Answer, 'Yes, you did,' from which testimony it appears that you, R. Percy Jones, attempted to corrupt the said witness, to-wit, Frank Givens, by inducing and influencing him to testify falsely in said case then on trial in said Court; thereby corrupting, hindering and obstructing the administration of justice in the court aforesaid, in contempt of this court and the judge thereof.

THEREFORE, it is ordered that you, R. Percy Jones, do appear before this court at the court house on Monday, November 26, 1934, at ten o'clock A. M., and show cause, if any you have, why you should not be adjudged and held in contempt of court."

To this was attached transcript of the testimony of the witness Givens as given upon a trial referred to. Mr. Jones, to whom the citation was directed answered under oath and denied that he had been guilty of any of the misconduct

which had been charged against him in the testimony of Frank Givens.

A hearing was had and much testimony was taken. The testimony was extremely conflicting but the Circuit Judge found Mr. Jones guilty of contempt as alleged and sentenced him to a period of thirty days in jail for such act. Mr. Jones filed petition for writ of habeas corpus. He made part of his petition for the writ the transcript of the proceedings had on the contempt charge.

The court made an order denying and refusing the writ of habeas corpus and allowing the petitioner writ of error to such judgment and fixed bond for the petitioner during the pendency of the writ of error in this court.

We have carefully considered the record. In cases of this kind it is not the province of this Court to determine whether or not the evidence when conflicting is sufficient to sustain a charge of contempt of court.

In the case of Wilson v. Joughin, Sheriff, 105 Fla. 353, 141 Sou. 182, we held:

"Where the act charged clearly constitutes contempt a denial under oath of a contemptuous intent in committing the act does not require a discharge. In such cases the question is not whether contempt was intended but whether the conduct constituted contempt. See United States v. Shipp, 203 U. S. 563, 51 L. Ed. 319, 27 Sup. Ct. 165, 8 A. & E. Ann. Cas. 265, Emery v. State, 78 Neb. 547, 111 N. W. 374, 9 L. R. A. (N. S.) 1124; O'Flinn v. State, 89 Miss. 850, 43 Sp. 82, 9 L. R. A. (N. S.) 1119; *Ex Parte* Bankhead, 200 Ala. 102, 75 So. 478; Prine v. State, 143 Miss. 231, 108 So. 716; Pierce v. U. S., 37 Appe. Cas. D. C. 582; Carson v. Ennis, 146 Ga. 726, 92 S. E. 281, L. R. A. 1917 E. 650; *In Re* Fountain, 182 N. C. 49, 108 S. E. 342.

"As a general rule *habeas corpus* does not lie to correct

mere irregularities of procedure where there is jurisdiction, and in order to sustain the writ there must be illegality or want of jurisdiction. *Ex Parte* Pitts, 35 Fla. 149, 17 South. Rep. 96; *Ex parte* Prince, 27 Fla. 196, 9 South. Rep. 659; *Ex Parte* Bowen, 25 Fla. 214, 6 South. Rep. 64. When a person has been taken into custody under an order of a court exercising proper jurisdiction, a *habeas corpus* to discharge the person so taken involves a collateral attack on the order under which he is held, and well established rules forbid an investigation into matters of mere irregularity in procedure. But illegality in matter of law or want of jurisdiction may be inquired into and the decision of the lower court as to such matter, is not conclusive."

In the case of Baumgartner v. Joughin, Sheriff, 105 Fla. 335, 141 Sou. 185, it was said:

"The essential characteristics of an alleged act of contempt such as that here charged, is its tendency to obstruct the administration of justice. Such a contempt does not depend so much upon the particular intent of the contemnor as upon his act. And while a mere intent to commit a contempt cannot make an act contempt, unless the act done actually tends to obstruct the adminstration of justice, whether or not an act constitutes a contempt of Court is determined by the reasonable tendencies of the act to obstruct the administration of justice. *Ex Parte* Savin, 131 U. S. 267, 33 L. Ed. 150, 9 Sup. Ct. 699; Sinclair v. U. S. 279, 749, 73 L. Ed. 938, 49 Sup. Ct. 471; 63 A. L. R. 1258.

"Due process of law in the prosecution of contempt, except that committed in open court, requires that the accused should be advised of the charges against him and have a reasonable opportunity to meet them by way of defense or explanation. This includes the right to call witnesses to give testimony, relevant either to the issue or complete ex-

culpation or in extenuation of the offense, and in mitigation of the penalty to be imposed. Cooke v. U. S. 267, U. S. 517, 69 L. Ed. 767, 45 Sup. Ct. 390.

"The rule just stated was strictly followed in the case at bar. Hence, the only point left to be decided by us is whether or not the whole record now before the Court discloses an act of contempt, plainly and specifically charged in the commitment and supported by the proceedings upon which the contempt judgment is based. If it does, the petitioner must be remanded. *Ex Parte* Turner, 73, Fla. 360, 74 South. Rep. 314; *Ex Parte* Earman, 85 Fla. 297, 95 Sou. Rep. 755, 31 A. L. R. 1226."

In both of those cases we had under consideration charges of contempt which involved tampering with persons who had been drawn to serve as jurors. Here we have a charge of tampering with a witness by the attempt to influence the testimony of the witness by bribery.

The petition for writ of habeas corpus contained the following allegation:

"That the cause of his said detention is a commitment issued out of the above named court upon a void judgment entered in a certain proceeding therein lately pending pursuant to an original action begun by the Judge of the above named court against petitioner for an alleged contempt; a true copy of the rule nisi containing the testimony upon which based, the answer and motion to dismiss the rule and the judgment of the court therein and the testimony offered in the trial on the rule including motions to amend return to rule nisi, to correct testimony attached to the rule nisi and to quash the proceedings are hereto attached and made a part hereof as if set forth herein *haec verba,* and designated as Exhibits 'A,' 'B,' 'C' and 'D,' respectively, to which reference is prayed."

It was then alleged:

"The judgment upon which the commitment was issued under which petitioner is held is void for the following reasons:

"1. Because neither the accusation of the court in the rule nisi in said proceedings nor the purported testimony upon which it was based was sufficient to give the court jurisdiction therein.

"2. Because the matters and things set forth in the rule nisi state no cause of action for contempt under the laws of the State of Florida.

"3. The court did not find the petitioner guilty of any charge stated with certainty in said rule, and the matters set forth particularly in the judgment for which he is adjudged guilty of contempt are not contained in the charge made by said Judge in said rule nisi.

"4. Because the evidence produced in support of said rule was legally insufficient to sustain the finding and judgment of the court therein.

"5. Because the evidence and proceedings aforesaid clearly show that the petitioner had been guilty of no act of contempt as charged in the rule nisi."

The documents referred to were attached and made a part of the petition as stated. If the writ had been issued and the return had been made showing the cause of detention to have been exactly as stated in the petition it is clear that the return must have been held sufficient. Under this state of the case, certainly the court could not in the habeas corpus proceedings go into the question of determining the weight and sufficiency of conflicting evidence to support the judgment of contempt.

The applicable rule was clearly stated by this court in the case of *Ex Parte* Senior, 37 Fla. 1, 19 Sou. 652, as follows:

"The question whether the alleged offender really committed the act charged, will be conclusively determined by the order of judgment of the court; and so with equivocal acts, which may be culpable or innocent according to the circumstances; but where the act is necessarily innocent or justifiable it would be preposterous to hold it a cause of imprisonment."

We know of no case in which this rule has been abrogated.

It appears that the allegations of the petition clearly present all questions of law to the court and show on the face thereof that the petitioner is held under a valid and legal judgment which cannot be avoided on collateral attack by habeas corpus.

If the petitioner committed the acts charged he was clearly guilty of contempt and the court had ample jurisdiction to inquire into the matter and to enter judgment. And, from conflicting evidence, the Circuit Judge decided the issues against the petitioner.

The record discloses substantial evidence to support the finding. Therefore, on authority of the opinions and judgments in the cases of Wilson v. Joughin, *supra,* the Baumgartner v. Joughin, *supra,* and cases cited in those opinions, I think it is our duty to affirm the judgment and remand the petitioner to the custody of the Sheriff.