R. PERCY JONES v. BOB KING, Sheriff, Lee County.

189 So. 687
Division B
Opinion Filed June 9, 1939

*W. D. Bell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *John L. Graham,* Assistant Attorney General, and *J. C. Adkins,* for Defendant in Error.

PER CURIAM.—The record in this case shows that on November 15, 1934, the Circuit Court of Lee County, Florida, was engaged in hearing the case of State of Florida v. William Lee and Tom P. Downing then on trial under an indictment or information charging an assault with intent to commit murder. The defendant William Lee had entered a plea of guilty, and a jury was empanelled and sworn to try Tom P. Downing, who was represented at the trial by attorney R. Percy Jones, who is plaintiff in error in the case at bar. The case is a contempt proceeding in habeas corpus and comes here for the second time, and it is reported first in 120 Fla. 87, 162 So. 353.

The rule *nisi* on November 17, 1934, was issued by the Honorable George W. Whitehurst, Circuit Judge of Lee County, Florida, directing and commanding R. Percy Jones to appear and show cause why he should not be adjudged in contempt of the Circuit Court of Lee County, Florida. The rule *nisi* served on the respondent recited that during the pendency of the case of State of Florida v. William Lee and Tom P. Downing, on November 15, 1934, Frank Givens, a witness for the defendant, testified, among other things, as follows: "Question by Mr. Jones: 'I want you to tell the jury. I want you to tell the jury, did I ask you to swear to a falsehood under a bribe of $25.00, did I ask you to do that?' Answer: 'Yes, you did,' from which testimony it appears that you, R. Percy Jones, attempted to corrupt the said witness, to-wit: Frank Givens, by inducing and influencing him to testify falsely in said case then on trial in said court; thereby corrupting, hindering and obstructing the administration of justice in the court aforesaid, in contempt of this court and the judge thereof." A copy of the testimony given by the witness, Frank Givens, at the trial of the criminal case, *supra,* likewise was served on the respondent.

When the case was remanded to the lower court, the Honorable George W. Whitehurst entered an order of disqualification and the cause was then heard by the Honorable W. T. Harrison, who heard additional testimony to the original testimony taken at the first hearing, and, after reviewing all the testimony and hearing argument of counsel for the State and the respondent, made and entered an order on January 12, 1937, adjudging the respondent guilty of contempt and remanding him to the custody of the sheriff of Lee County, Florida, to serve the unserved portion of his said sentence.

From the judgment and sentence of a period in the county

jail of Lee County, Florida, a writ of habeas corpus issued and was served on the sheriff of said county, who made a return to the effect that he was detaining the petitioner because of a commitment based on a judgment of conviction for contempt. It is contended here that the judgment is not supported by the weight of the testimony adduced by the respective parties, or the law applicable to the case.

The testimony shows that Frank Givens was subpoenaed as a defense witness in the case then pending before the court. The respondent, Frank Givens, and Tom P. Downing left the court room, at a recess period, and went to a toilet in the court house, and when there it is contended that the respondent gave $25.00 to Downing, and Downing, in turn, gave the money to the proposed witness Frank Givens. They returned to the court room and Givens was placed upon the witness stand and a few preliminary questions propounded to him by the respondent R. Percy Jones, when the witness Givens took from his pocket one $20 and one $5 bill and placed them on the dias before the presiding judge and in open court stated to the respondent that he had decided not to go through with his trade to give perjured testimony in the case and returned, or offered to return, the money which he asserted came to him from the respondent through Downing. Downing corroborated the testimony of Givens. It was shown that Downing and Givens were related by marriage and had each been convicted of crime.

The respondent Jones had practiced law at the Fort Myers bar continuously since 1909 and possessed the respect and confidence of many of the honorable gentlemen composing the Lee County bar. Many of these attorneys testified as to his good reputation and standing, along with others of high repute of that section of Florida. The respondent denied that he had reached terms with the

witness Givens whereby he was to give perjured testimony and was to receive therefor the sum of $25.00 but admitted going into the toilet in the building with Givens and Downing. The lower court, from the evidence adduced, held that the respondent was guilty as charged. We think there is sufficient testimony in the record to sustain this holding.

We think the law controlling the case at bar is fully settled by the decisions of this Court. See Stokes v. Scott and Williams v. Scott, opinions filed May 23, 1939, but not yet reported; Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185; Wilson v. Joughin, 105 Fla. 345, 141 So. 178; Hogan v. State, 89 Fla. 388, 104 So. 598; *Ex parte* Biggers, 85 Fla. 322, 95 So. 763; *Ex parte* Earman, 85 Fla. 297, 95 So. 755, 31 A. L. R. 1226; *Ex parte* Turner, 73 Fla. 360, 74 So. 314, L. R. A. 1917D 355.

The judgment requires the respondent to serve the remainder of his unserved sentene.

We think the judgment should be more specific, certain and fiee from doubt as to the length of the time to be served.

The judgment appealed from is affirmed but remanded for a proper sentence.

It is so ordered.

WHITFIELD and CHAPMAN, J. J., concur.

BROWN, J., concurs in conclusion.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.