CLYDE R. SPARKMAN v. STATE PRISON CUSTODIAN

18 So. (2nd) 772        June Term, 1944
July 11, 1944        Division A

*Mrs. G. DeMilt,* next friend and sister in behalf of petitioner.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for respondent.

CHAPMAN, J.:

This is a case of original jurisdiction. Mrs. G. DeMilt, 1408 Florida Avenue, Tampa, Florida, in a sworn petition, represents unto this Court that her brother, Clyde R. Sparkman, alias R. C. Crawford, is now being unlawfully confined to the Florida State Prison and is being unlawfully restrained of his liberties by the Honorable Nathan Mayo, as State Prison Custodian. That the unlawful detention of Clyde R. Sparkman arises out of and because of the following conditions and circumstances:

On June 12, 1939, Clyde R. Sparkman, alias R. C. Crawford, was informed against by the County Solicitor of Polk County, Florida, for the violation of several provisions of the Uniform Narcotic Drug Law. See Sections 398.01 to 398.23, Fla. Stats. 1941 (F.S.A.). These informations were identified in the Criminal Court of Record of Polk County by numbers viz: 5735, 5736, 5737, 5738 and 5739. Sparkman

was placed upon trial before a jury in Polk County, Florida, under information No. 5736, and the jury on September 26, 1939, rendered a verdict of guilty, as charged in the information, but a judgment and sentence appears never to have been entered in the Criminal Court of Record of Polk County on the aforesaid verdict.

On June 12, 1939, Sparkman was arraigned in the Criminal Court of Record of Polk County, Florida, on Information No. 5735, and then entered a plea of guilty. The information charged the violation of Subsection 1 of Section 398.19, Fla. Stats. 1941 (F.S.A.) "in that Clyde R. Sparkman, alias R. C. Crawford, in Polk County, Florida, on the 4th day of May, 1939 . . . did obtain a narcotic drug, to-wit: Morphine Sulphate, from a licensed druggist, by using a false name and address," contrary to the form of the statute, etc.

On September 26, 1939, the trial court entered a judgment and sentence against Sparkman on Case No. 5735, to which a plea of guilty had been entered on the previous June 12, 1939. The sentence and judgment so entered imposed on Sparkman for the offense to which he had entered a plea of guilty a term of ten years at hard labor in the Florida State Prison. On September 26, 1939, on motion of the county solicitor, orders were entered by the Criminal Court of Record transferring to the absentee docket said court cases numbered 5736, 5737, 5738 and 5739, then pending against Clyde R. Sparkman, alias R. C. Crawford.

A brief, as required by the Rules of this Court, was not filed in support of the petition for a writ of habeas corpus. Our study of the petition leads to the conclusion that it is the contention of Mrs. De Milt that her brother, Clyde R. Sparkman, is being unlawfully deprived of his liberties by the State Prison Custodian for two reasons: (1) the trial court was without legal authority to impose a sentence on Sparkman under the provisions of Section 398.22 Fla. Stats. 1941 (F.S.A.), and the information, for a period of ten years; (2) that the maximum penalty authorized by Section 398.22 under said information was only for a period of five years. Although the five year period will expire on September 26, 1944, nevertheless Section 954.06 Fla. Stats. 1941, authorizes

gained time for good conduct and therefore the five year period expired prior to the date of application for a writ of habeas corpus, and Sparkman should now be discharged.

Honorable John C. Wynn, Assistant Attorney General, points out that Section 398.22 Fla. Stats. 1941 (F.S.A.), provides a penalty of five years for the first offense and an enhanced penalty of ten years for any "subsequent offense," and for this reason the ten year sentence as entered in the Criminal Court of Record of Polk County was lawful and proper and that Sparkman should be remanded to custody. Section 398.22, *supra,* provides:

"398.22. Punishment for Violations.—Any person violating any provisions of this Chapter shall be deemed guilty of a felony and upon conviction be punished, for the first offense, by a fine not exceeding five thousand dollars, or by imprisonment in the state prison for not exceeding five years; and for any subsequent offense, by a fine not exceeding ten thousand dollars, or by imprisonment in the state prison for not exceeding ten years."

This statute provides that any person violating any of the provisions of the Uniform Narcotic Law shall be guilty of a felony and upon conviction shall be punished for the first offense by a fine not exceding five thousand dollars or by imprisonment in the state prison for a period of not exceeding five years; and "for any subsequent offense" (any person convicted for the second time of any violation of the Narcotic Law) shall be punished by a fine not exceeding ten thousand dollars or by imprisonment for a period of not exceeding ten years in the State Prison.

The case of Smith v. State, 75 Fla. 468, 78 So. 530, involved the legal sufficiency of an indictment drawn under a statute prohibiting the sale of intoxicating liquors, having been convicted for the unlawful sale of intoxicating liquors: then he could be indicted and tried for being a "common liquor dealer." Smith had previously entered a plea of guilty to a charge of selling intoxicating liquors in the County Judge's Court of Jackson County, Florida. "Conviction, within the meaning of the statutes, signifies the finding of the jury that the prisoner is guilty." In the case at bar the

guilt of the defendant depends on the former conviction. The indictment was held insufficient.

Norwood v. State, 80 Fla. 613, 86 So. 506, involved a second offense charge. The indictment alleged that the defendant had been previously convicted of a like offense, but the court record establishing the first offense was *not* adduced to establish the first conviction as alleged in the indictment and accordingly the judgment of conviction was reversed. See State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228; Joiner v. State, 92 Fla. 711, 109 So. 807; Reynolds v. State, 92 Fla. 1038, 111 So. 285; Smith v. State, 96 Fla. 553, 119 So. 145; Langford v. State, 111 Fla. 505, 149 So. 570.

The case of State ex rel. Stoutamire v. Mayo, 128 Fla. 843, 175 So. 808, involved a conviction of grand larceny in Duval County, Florida. Stoutamire had been previously convicted on two occasions for petit larceny. The trial court, upon entering judgment on the grand larceny offense, said: "It appearing to the Court that the defendant Clyde Stoutamire was convicted on two previous charges of larceny, being cases 7616 and 7703, it is adjudged by the Court that the defendant, Clyde Stoutamire, is a common and notorious thief; thereupon, it is ordered and adjudged by the Court, etc." The sentence imposed imprisoned Stoutamire for a period of five years in addition to the sentence imposed for grand larceny. The indictment charging grand larceny did not charge that Stoutamire had been convicted of any previous offenses. It was held that the additional five years of imprisonment was illegal. See People v. Gowasky, 244 N. Y. 451, 155 N. E. 737, 58 A.L.R. 9, and annotations beginning on page 20 to 114. It is a general rule that on a change of a "second or subsequent" offense, the question of a prior conviction is an essential element of the offense charged, and is an issue of fact to be determined by a jury. See People v. Brown, 253 Mich. 537, 235 N. W. 245, 82 A.L.R. 341-385.

Unless controlled by statute, it is generally necessary to allege in an indictment the fact of a prior conviction, and, during the trial support said allegation by admitting into evidence a certified copy of the record or by other competent

evidence, in order to subject an accused to the enhanced punishment provided for by Section 398.22, *supra*. See State ex rel. Stoutamire v. Mayo, *supra*; State ex rel. Lockmiller v. Mayo, *supra*; Norwood v. State, *supra*; 31 C. J. 734, par. 282; Smalley v. People, 96 Colo. 361, 43 Pac. 385; Barr v. State, 205 Ind. 481, 187 N. E. 259; Vaughn v. Kentucky, 262 Ky. 588, 90 S. W. (2nd) 1037; Pullen v. Texas, 129 Tex. Crim. 23, 85 S. W. (2nd) 723.

The case of Martin v. State, 123 Fla. 143, 166 So. 467, involved a judgment against Martin for a period of 25 years in the State Prison as entered in the Criminal Court of Record of Dade County, Florida. The time for taking writ of error to this Court had expired. An examination of the information disclosed that it failed to allege a criminal offense for which Martin could be imprisoned for a period of 25 years in the State Prison and we issued writ of habeas corpus.

It is settled law that the legality of a judgment and sentence under which a person is held or under which he is imprisoned, may be inquired into and adjudicated by the courts in a habeas corpus proceeding. See Martin v. State, supra; Jones v. King, 138 Fla. 564, 189 So. 687; Coleman v. State, 140 Fla. 772, 193 So. 84.

It is not contended here by the answer and return of the respondent, or orally by counsel for the State at this bar or by brief that Clyde R. Sparkman, alias R. C. Crawford, since beginning his prison term on September 26, 1939, at the Florida State Prison, under the sentence of ten years imposed by the Criminal Court of Record of Polk County, Florida, is not entitled to the gained time rights or privileges for good conduct while an inmate of the Florida State Prison, as provided for by Section 954.06, Fla. Stats. 1941. (F.S.A.). Deductions of time from the sentence imposed for good conduct of a prisoner on the part of the Board of Commissioners of State Institutions applicable to Sparkman should be viz: Five days per month off the first and second years of the sentence; ten days per month off the third and fourth years of the sentence; fifteen days per month off the fifth and all succeeding years of the sentence.

It is our conclusion that the Criminal Court of Record of Polk County, Florida, in the case at bar, as disclosed by this record, was authorized under Section 398.22 to make and enter a judgment and sentence against Clyde R. Sparkman, alias R. C. Crawford, for a period of five years and no more. The offense to which he entered a plea of guilty and was sentenced was "the first offense," within the meaning of the above statute. An extension of the benefits and privileges in the form of gained time authorized by Section 954.06 for good conduct disclosed that the five year sentence expired prior to the application here on June 14, 1944, for a writ of habeas corpus.

It is our conclusion that Clyde R. Sparkman, alias R. C. Crawford, is now being unlawfully deprived of his liberties by the respondent, as State Prison Custodian, and is now being imprisoned or detained without authority of law. It is the judgment of the Court that he be and is hereby discharged from custody.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.