E. L. Brigman, *et al.,* v. R. I. Bishop.

149 So. 645.
Division A.
Opinion Filed July 18, 1933.

*Price, Price & Hancock* and *Stapp, Gourley, Vining & Ward,* for Appellants;

*Van C. Swearingen,* for Appellee.

Davis, C. J.—The Chancellor below entered a deficiency decree in favor of complainant in a mortgage foreclosure case. The deficiency judgment so entered was against E. L. Brigman, L. DeVane, J. L. Sibley, J. E. Pyles and Arthur Coffey, the amount of same being $1,457.94. Brigman was

the original mortgagor. All the others were grantee as-sumors of the mortgagor.

We sustain the proposition of law that in a mortgage foreclosure case a deficiency decree should not be entered against a party who is not in default, without special appli-cation to the court, and notice to the defendant against whom such deficiency judgment is sought. But in this case the record shows that upon objections duly made to the entry of a deficiency decree, the first deficiency decree was va-cated. After this, apparently upon full hearing, the decree was reinstated and put again into effect. It is the duty of appellants to make errors such as denial of a fair oppor-tunity to be heard before the Chancellor, when complained of by them, clearly to appear. There is no showing in the record to overcome the presumption or regularity as to no-tice and opportunity to be heard, that attaches to the order re-entering the deficiency decree, all presumptions being in favor of the order.

The claim of the mortgagor that as a commutative surety for the original debt, he should be held to have been re-leased by the long continued forbearance of the mortgagee to enforce the mortgage debt against either himself or against the grantee assumors of the mortgagee, as well as by the acceptance by the mortgagee of payments on the debt from the grantee assumors, must, in view of the final decree finding the facts of the case against the complaining party on the evidence, be rejected by this Court on this appeal, on authority of Slottow v. Hull Investment Co., 100 Fla. 244, 129 Sou. Rep. 577; Bailey v. Inman, 105 Fla. 1, 140 Sou. Rep. 783.

Ordinarily a mortgagee may treat both his mortgagor and all assuming grantees of the mortgagor as principal debtors as to him, and may have a personal decree against both or either, unless the mortgagee has recognized the grantee

alone as the principal debtor, or has equitably estopped himself to further pursue the mortgagor on the mortgagor's own original debt. Slottow v. Hull Investment Co., *supra*.

The Chancellor found no such situation from the evidence. We are unconvinced by our examination of the record, that the Chancellor was wrong in so finding. Certain procedural errors have been assigned and argued. But it does not appear that any such objections as are here made were presented to, or insisted upon, in the lower court, nor ruled on there specifically by the Chancellor. None of the errors complained of are fundamental. Nor does it appear that any of the procedural misprisions complained of, have resulted in depriving appellants of any substantial legal or equitable right to a fair hearing and determination of their asserted rights. So no ground for reversal has been made to appear.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.

Brown, J., dissents.