WEHLE, Victor O. (Ret.), Associate Judge.
This is an appeal from that portion of a final judgment denying liability on the part of the maker of a promissory note secured by a security agreement on personal property for a deficiency arising from the foreclosure of such security agreement.
A non-jury trial was held on the issue of liability for the deficiency judgment. The Record on Appeal does not include a transcript of the evidence offered at the non-jury trial and we must attempt to reconstruct this from the pleadings and the final judgment of the Court.
Apparently the Appellees ANDERSEN and wife executed and delivered a promissory note on July 9, 1968 to the Appellant BANK. The note was secured by a security agreement of even date encumbering a used tractor. The note was payable in 23 monthly installments of $286.97 including interest, the first installment being due August 23, 1968. On December 26, 1968, the Defendant SIEGRIST assumed in writing the indebtedness represented by the note and security agreement. In February, 1970 SIEGRIST became delinquent in the monthly payments. The BANK then agreed to waive its right to accelerate the secured debt if SIEGRIST paid the monthly interest included in each of the payments. On June 23, 1970, the final payment became due and in the meantime SIEGRIST had not paid anything since February except interest. The BANK thereupon declared the entire balance due and commenced foreclosure July 14, 1970. By agreement of the parties the tractor was sold at private sale and the price credited on the balance due on the note, leaving a deficiency which the BANK sought to recover from both SIEGRIST and the ANDERSENS. The Trial Judge granted judgment against SIEGRIST but not against the ANDER-SENS and the BANK appeals from this release of the ANDERSENS.
The Appellees’ contention is that when SIEGRIST, with the knowledge and consent of the BANK, assumed the primary obligation, he then became the primary ob-ligor and the ANDERSENS merely became sureties and the action of the BANK in extending the time of payment after default released the sureties.
Although when SIEGRIST assumed the obligation he may be considered to have become in a principal-surety relationship with the ANDERSENS, this change of relationship can have no effect on the original obligee, the BANK. As to the BANK, the ANDERSENS remained primarily liable, unless the action of the BANK, in delaying foreclosure on the first default in February, 1970, discharged the ANDER-SENS.
*873 The case of Slottow v. Hull Investment Company, 100 Fla. 244, 129 So. 577, relied upon by both parties in their briefs, sustains the contention of the Appellant BANK. The mere acceptance by the BANK of interest due did not constitute a sufficient consideration necessary to make the extension a novation between the BANK and SIEGRIST which might thereby release the ANDERSENS from personal liability. The fourth and sixth headnotes in Slottow read “4. Mortgagee’s acceptance, from mortgagor’s grantee, of payments of principal or interest will not generally discharge mortgagor.” “6. Mortgagee’s waiver of election to accelerate mortgage debt, without notice to mortgagor, held not to discharge mortgagor, whose position was not changed.” See also Brigman v. Bishop, 111 Fla. 504, 149 So. 645; and 72 A.L.R. 394-396, 399-400.
The judgment of the Trial Court insofar as it holds the ANDERSENS not liable for the note and any deficiency resulting from its foreclosure is reversed with directions to the Trial Court to enter an appropriate judgment in accordance with this opinion.
PIERCE, C. J., and LILES, J., concur.